**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  Williams                    Isaiah                    N.
      (Last)             (First)         (Initial)

Prisoner Number  K-33769

Institutional Address  5905 Lake Earl Drive    Crescent City, CA. 95531   PBSP

FILED
AUG 2 8 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

E-filing   CW

Isaiah Noel Williams
(Enter the full name of plaintiff in this action.)

             vs.

D. Williams

in her individual capacity

_____

_____

(Enter the full name of the defendant(s) in this action)

C 07 4464 (PR)

Case No. _____
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
Title 42 U.S.C § 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies.

    [**Note:** You must exhaust your administrative remedies before your claim can go

    forward. The court will dismiss any unexhausted claims.]

    A.    Place of present confinement  Pelican Bay State Prison

    B.    Is there a grievance procedure in this institution?

            YES (✓)     NO (  )

    C.    Did you present the facts in your complaint for review through the grievance

    procedure?

            YES (✓)     NO (  )

    D.    If your answer is YES, list the appeal number and the date and result of the

    appeal at each level of review. If you did not pursue a certain level of appeal,

    explain why.

COMPLAINT               - 1 -

1. Informal appeal  Appeal # PBSP-D-06-02200 : Bypass, Aug. 29, 2006

Appeal # PBSP-D-06-02295 : Bypass, Sep 15, 2006

2. First formal level  Appeal # PBSP-D-06-02200 : Bypass, Sep. 11, 2006

Appeal # PBSP-D-06-02295 : Denied, Oct 23, 2006

3. Second formal level  Appeal # PBSP-D-06-02200 : Denied, Oct. 25, 2006

Appeal # PBSP-D-06-02295 : Denied, Dec 1, 2006

4. Third formal level  Appeal # PBSP-D-06-02200 : Denied, Feb 5, 2007

Appeal # PBSP-D-06-02295 : Denied, Mar. 16, 2007

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES (✓)      NO ( )

F.   If you did not present your claim for review through the grievance procedure, explain why.

II.   Parties.

A.   Write your name and your present address. Do the same for additional plaintiffs, if any.

Isaiah Noel Williams  K-33769

C-9  216  SHU

5905 Lake Earl Drive   Crescent City, CA. 95531

B.   Write the full name of each defendant, his or her official position, and his or her place of employment.

D. Williams, Correctional Officer, Pelican Bay State Prison

COMPLAINT                    - 2 -

III.    Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

I. Jurisdiction and venue

1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343 (a) (3).

2. The United States District court for the Northern District of California is an appropriate venue under 28 U.S.C. section 1391 (b) (2) because it is where the events giving rise to this claim occurred.

3. The United States District court for the Northern District of California has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. 1367

II. Plaintiffs

4. Plaintiff, Isaiah Noel Williams, is

IV.    Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

① Compensatory damages in the amount of $200,000.00 against defendant

② Punitive damages in the amount of $100,000.00 against defendant

③ A jury trial on all issues triable by jury

COMPLAINT                                    - 3 -

and was at all times mentioned herein a prisoner of the state of california in the custody of the california Department of corrections and Rehabilitation. He is currently confined in Pelican Bay State Prison in crescent city, california.

### III. Defendants

5. Defendant, D. williams, is a correctional officer of the california Department of corrections and Rehabilitation who, at all times mentioned in this complaint, held the rank of correctional officer and was assigned to Pelican Bay State Prison.

6. The defendant is being sued in her individual capacity. At all times mentioned in this complaint the defendant acted under the color of state law.

### IV. Facts

7. On August 12, 2006 the defendant, correctional officer D. williams, conducted a search of my cell ~ cell 122 located in F-Pod D-Facility 1-Block of the Security Housing unit.

8. correctional officer D. williams began the above-mentioned search at 4:00 p.m.

9. At approximately 4:25 p.m. the defendant got a trash can and cart and began throwing away a lot of my property.

10. Among the items the defendant was throwing away were several of my school books.

11. upon seeing this, I immediately called in to the defendant from the yard and notified

her that she was disposing of school books, that they were not contraband, and that they therefore needed to be returned to my cell.

12. When the defendant heard this she approached the yard door where I was located, she was visibly upset.

13. During the confrontation I told the defendant that I felt her search was excessive, that she didn't have the right to take my school books, and that I would be filing a grievance against her.

14. Upon hearing that I would be filing a grievance against her, the defendant became even more angry, leaned closer to the yard door and stated: "We can play this any way you want." The defendant then turned and began to walk away, but after only a few steps she turned back to me and stated: "Aren't you up for inactive?" The defendant then sneered and returned to my cell.

15. The second statement, which refers to the current policy of giving validated inmates the opportunity of earning their way to the general population by staying out of trouble for six years, but which can be denied for a single act deemed in any way gang related, made the defendant's threat clear.

16. Upon information and belief, my understanding of the defendant's statements was that

the defendant was threatening to create a situation that would be used to deny me inactive status as retaliation for the confrontation and the fact that I intended to file a grievance against her.

17. On August 16, 2006 the defendant, correctional officer D. Williams, was working as the D-Facility 1-Block control booth operator for the first time since our confrontation.

18. The control booth operator's duties include acting as the gunner.

19. August 16, 2006 was the lower tiers shower day. I lived on the lower tier.

20. After running the second shower the defendant left my neighbor, an African-American, on the tier and instead of openning his door allowing him to return to his cell, she openned my cell door.

21. Upon information and belief, the defendant made no attempt to insure the pod was clear, and did not even look in the direction of F-Pod before openning my cell door.

22. Upon information and belief, it is widely known by correctional officers that there is a history of assaultive behavior between black and white inmates.

23. Upon information and belief, the defendant, know the history, acted with reckless disregard for my and another inmates safety when she deliberately openned my cell door intentionally setting up a fight between myself and the above mentioned inmate, thereby

giving her the ability to use her position as gunner to deliberately and wantonly target and shoot me in retaliation for our previous confrontation.

24. The defendant used excessive force on me by deliberately and wantonly targetting and shooting me four times with forty millimeter (40mm) exact impact rounds in the back, head, and arm.

25. After the first shot, several officers who were gathered at the F-section door, yelled for the defendant to open the door. The defendant ignored their requests and maliciously and sadistically shot me three more times before finally complying. This constitutes a wanton and unnecessary infliction of pain.

26. Upon information and belief, openning the section door would have allowed the officers to stop the fight with considerably less potentially life-threatening force.

27. Due to my injuries from being set up and shot by the defendant, I continue to suffer from headaches, earaches, numbness in the head, dizzy spells, pain in the lower back and legs, and scarring. I also continue to suffer psychologically.

28. See exhibit "A": Appeal covering paragraphs 7-27.

29. On September 3, 2006 the defendant, correctional officer D. Williams, was working the floor passing out and picking up dinner trays.

30. when the defendant came to pick up my tray she asked me: "Have you gone to your cdc 115 hearing yet?" I replied "No". The defendant then asked me: "Do you have anything else you want to say to me?" I ignored the defendant's attempt to goad me into another confrontation and walked to the back of my cell without saying anything.

31. On September 11, 2006 I received my cdc 115 disposition report on which it was stated that on September 3, 2006 I both refused to attend my cdc 115 hearing and to sign a 128-b refusal slip. The disposition report further stated that the defendant and the control booth operator were witnesses to my supposed refusals.

32. A copy of the 128-b is attached to the cdc 602 located in Exhibit "b". This 128-b was filled out by the defendant.

33. In no way, shape, or form did the defendant ask me if I wanted to attend a cdc 115 hearing, nor whether I was willing to sign the above-mentioned cdc 128-b refusal slip. see paragraph 30 for the defendant's actual statements to me on September 3, 2006.

34. Upon information and belief, it would be impossible for the control booth operator to hear, and thus witness, any words exchanged by the defendant and myself from his position in the tower.

35. Upon receipt of my cdc 115 disposition report I confronted correctional officer M. Potter

on his claim of witnessing my refusal to both attend my CDC 115 hearing and to sign the CDC 128-B. Correctional officer M. Potter, on September 11, 2006, admitted to me that he didn't actually hear, and thus witness, me tell the defendant anything, but that he was merely acting on the word of the defendant.

36. I, in no way, shape, or form refused to attend my CDC 115 hearing or to sign a CDC 128-B refusal slip. That was a complete fabrication made by the defendant.

37. See Exhibit "B": Appeal covering paragraphs 29-36.

38. On April 4, 2007 I contacted the Law Library asking how to collect declarations from witnesses to the above-mentioned facts. I was told to speak with my building counselor.

39. On April 18, 2007 I contacted the building counselor about collecting declarations from witness. I was told on April 20, 2007 that this would not be possible until I receive a case number from the court.

40. See Exhibit "C": Request asking to collect declarations from witnesses.

41. On January 18, 2007 I filed a government claims form to the California Victim Compensation and Government Claims Board.

42. On March 21, 2007 I received a notice of denial from the California Victim Compensation and Government Claims Board.

43. See exhibit "D" copies of government claim filed and (2) responses.

44. On October 29, 2006 I wrote the California Department of Corrections and Rehabilitation Ombudsman's office asking them to assist in the investigation of my excessive force et al. case.

45. On November 13, 2006 I received a letter from Ombudsman Railyn Connor essentially notifying me of my right to appeal and offering no additional assistance.

46. See exhibit "E" Ombudsman's response.

47. On August 28, 2006; September 21, 2006; December 3, 2006, March 12, 2007 and several other dates of which the forms were "lost", I filed CDC 7362 Medical forms complaining of headaches, earaches, lower back pain, and numbness in my head and legs. I have been given limited medical care and am currently appealing this lack of adequate medical attention, as well as the constant roadblocks set up by medical staff.

48. See exhibit "F" copies of medical records.

49. I have requested legal assistance from several places

50. See exhibit "G" Response from the only place to answer my request for legal assistance.

   V. Legal claims

51. Plaintiff realleges and incorporates by reference paragraphs 1-50.

52. The threat and retaliatative actions by the defendant violated plaintiff Isaiah Williams rights and constituted a due process violation under the First Amendment to the United States constitution.

53. The reckless disregard for the plaintiffs safety violated plaintiff Isaiah williams rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States constitution.

54. The excessive force used by the defendant violated plaintiff Isaiah williams rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States constitution.

55. The harrassement by the defendant violated plaintiff Isaiah williams rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

56. The deliberate indifference to the life and liberty of the plaintiff violated plaintiff Isaiah williams rights and constituted a due process violation under the Fourteenth Amendment to the United States constitution.

57. The denial of due process violated plaintiff Isaiah williams rights and constituted a due process violation under the Fourteenth Amendment to the United States constitution.

58. The denial of equal protection of the law violated plaintiff Isaiah williams rights and constituted

a liberty interest under the Fourteenth Amendment to the United states constitution.

59. The deliberate indifference to the plaintiffs safety violated plaintiff Isaiah williams rights under california state law.

60. The Negligence shown by the defendant violated plaintiff Isaiah williams rights under california state law.

61. The harrassment violated plaintiff Isaiah williams rights under california state law.

62. The Assault and battery violated plaintiff Isaiah williams rights under california state law.

63. The retaliation violated plaintiff Isaiah williams rights under california state law.

64. The false statements made by the ██████ defendant violated plaintiff Isaiah williams rights under california state law.

1  ② Plaintiff's costs in this suit
2  ③ Any additional relief this court deems just, proper, and equitable.
3  ④ The court's assistance with serving the defendant with the summons
4

5  I declare under penalty of perjury that the foregoing is true and correct.

6

7  Signed this __14__ day of __August__, 20_07_

8

9  _____
10                                    (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          - 4 -

EXHIBIT "A"

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region **PBSP**  Log No. 1. **D06-02200**  Category **9/15** *J&D Williams*

2.

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Isaiah Williams | K-83769 | SHU | D-1 122L |

**A. Describe Problem:** This appeal is to act as a citizen's complaint against S/O D. Williams for violating my federal rights guaranteed under the First, Eighth, and Fourteenth Amendments of the U.S. Constitution, as well as her violation of state tort law for the act of "Assault and battery" while acting under color of state law. (see exhibit "A")

  *Facts:*

On August 12, 2006 S/O D. Williams began searching my cell at approximately 4:00 pm (see exhibit "B"). After about 25 minutes she got a trash can and then a cart, and began throwing a lot of stuff away. When I noticed she was disposing of some of my school books I called into her from the yard

If you need more space, attach one additional sheet.

**B. Action Requested:** 1) S/O D. Williams to either suspended without pay or immediately placed in a position where she has no direct access to a weapon, or contact with inmates and can no longer pose a threat to inmates livelihoods. 2) S/O D. Williams to ultimately fired for her actions. 3) I am awarded compensatory (money), nominal, and punitive damages for injuries suffered as well as a means of discouraging

Inmate/Parolee Signature: **Williams**    Date Submitted: 8-24-06

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: Bypass: Title 15 § 3084.5 (a)(b)(6)

**RECEIVED NOV -8 2006 INMATE APPEALS BRANCH**

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response:

BYPASS

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    **CDC Appeal Number:**
Board of Control form BC-1E, Inmate Claim

W to CDW AUG 29 2006    2 NO/APPEALS SEP 11 2006

First Level:  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

~~BYPASS~~

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

~~BYPASS~~

Signature: _____ Date Submitted: _____

Second Level  ☐ Granted  ☒ P. Granted  ☒ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 9/11/06    Due Date: 10/24/06
☒ See Attached Letter

Signature: N Thiem CCII    Date Completed: 10-17-06
Warden/Superintendent Signature: _____    Date Returned to Inmate: 10/25/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied. First, my due process rights were violated. I was never interviewed by any staff member at any level as per Title 15 3.3084.5 (F) (1), nor was my Information Advisory/complaint form signed by any officer (Exhibit A) the due date was also exceeded, again with no interview. I maintain all arguments herein, that c/o D. Williams violated several of my state and Federal rights. I also add that after the filing of this grievance c/o D. Williams continued to harrass me and violate my rights as stated in a seperate appeal (on going-log # DVI-2295), until she was PROMOTED! I also plan to include all officials involved in the violation of my due process rights, as stated above, in my complaint. Also enclosed: CDC 7714 medical report (Exhibit D)
Signature: Williams    Date Submitted: 10-25-06

(Exhibit C,C-1, C-2, C-3)

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☒ See Attached Letter

Date: FEB 0 5 2007

CDC 602 (12/87)

.. Describe Problem ..continued...

and informed her that the books were for school and therefore were not contraband, and that she needed to return them to my cell. She became angered by this and approached the yard door where a confrontation ensued. I again pointed out that the books she was taking were school books and I questioned the excessiveness of the search, notifying her that I planned to file a grievance against her. She became even more agitated at this comment, leaned closer to the yard door and said: "we can play this any way you want." She then began to walk away, but after only a few steps she turned back to me and stated: "Aren't you up for inactive?", then she sneered and returned to my cell. The threats were clear to me at this point.

On August 16, 2006 C/o D. Williams returned as our control booth officer/gunner. It was my shower day. She had this opportunity — the first since our confrontation — to carry out her threats by creating an obvious 'set-up' situation. Instead of oppenning the inmates door who had just exited the shower, allowing him to go home, she oppenned my cell door. During the insuing fight she used excessive force, targetting and shooting me (5) times, one of which was to the head. It is obvious that this was her plan the whole time, which is bolstered by the fact that after the first shot she was ordered numerous times to open the section door which would allow the waiting officers to difuse the situation with considerably less force than her gun. Instead, she ignored the orders to open the door, choosing to shoot me (3) more times before finally complying.

I continue to suffer from physical injuries — to include: numbness on my head in the area of the shot, earaches, headaches, and dizziness, as well as shooting pains down my leg and cold numbness beginning in the area I was shot in my lower back — as well as emotional and psychological distress as a direct result of being shot by C/o D. Williams.

• Violations •

C/o D. Williams violated my First Amendment rights by first threatening and then retaliating against me after being notified of my intent to exercise my right to access the courts via a grievance; as shown in the facts above.

C/o D. Williams violated my Eighth Amendment rights by acting with 'deliberate indifference' when she, being fully aware of the substantial risk of serious harm as any C/o would be, deliberately set up a fight between myself and another inmate and then shot me (5) times, thus failing in her duty to protect; as shown in the facts above.

C/o D. Williams violated my Eighth Amendment right to be free of cruel and unusual punishment when she maliciously and sadistically' used excessive force against me thereby unnecessarily and wantonly inflicting physical injury as well as emotional and psychological distress; as shown in the facts above.

C/o D. Williams violated my Fourteenth Amendment rights to Due Process when she intentionally endangered my life by setting up a fight between myself and another inmate and then shooting me (5) times; as shown in the facts above.

C/o D. Williams, acting under color of state law, violated California Tort law and rights gauranteed me by the

tate and U.S. Constitutions when she committed the act of 'assault and battery' on me; as shown in the facts above.

I intend to sue ℅ D. Williams in her individual capacity for compensatory (money), nominal, and punitive damages for the above mentioned violations of my state and Federal rights.

3. Action Requested continued...

...this type of behavior by correctional officers in the future.  4) that this incident does not affect my inactive status.  5) that the CDC 115 to be issued for this incident be dismissed and expunged from my C-File because this incident was totally ℅ D. Williams' fault.  6) I am given a copy of the rule stating that officers are now allowed to shoot inmates directly without the need to 'skip' the rounds.

Exhibit 'A'

# INFORMATION ADVISORY / COMPLAINT AGAINST A PEACE OFFICER

Inmate Name __Isaiah Williams__    PBSP Appeal Log # __006-02200__

Inmate Number __K-33769__    Inmate Housing __D-1 122__

In accordance with the California Penal Code (PC), sign this complaint document (information advisory) and attach it to the CDC Form 602, Inmate/Parolee Appeal, so that your appeal can be processed.

> ### PC 148.6.  *Falsely Reporting Police Misconduct.*
> (a) *Every person who files any allegation of misconduct against any peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 or Part 2, knowing the report to be false, is guilty of a misdemeanor.*
> (b) *Any law enforcement agency accepting an allegation of misconduct against a peace officer shall require the complainant to read and sign the following information advisory, ...*

In accordance with the California Penal Code (PC), Section 148.6, you have the right to make a complaint against a police officer for any improper police conduct. California law requires and this agency has a procedure to investigate citizen's complaints. The written description of this procedure can be found in the California Code of Regulations (CCR), Title 15, section 3084 (Appeals) and in the Department of Corrections Operations Manual (DOM) section 31140. This agency may find after investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make a complaint and have it investigated, if you believe an officer behaved improperly. Citizen's complaints must be retained by this agency for at least five years. It is against the law to make a complaint against an officer knowing that it is false, and you can be prosecuted on a misdemeanor charge.

If the information found in your attached appeal is found to contain disrespectful, insulting comments or false statements, disciplinary action shall be taken against you, citing CCR 3004 Rights/Respect of Others (Division "F" offense), and/or 3021 Falsification of Records or Documents (Division "E" offense), and/or 3323(g)(6) Commission of a Misdemeanor offense (Division "E" offense).

I have read and understand  the above statement/s.

__Williams__
Signature of complainant    Staff Signature

__8-24-06__
Date    Date

## PERMANENT ATTACHMENT TO CDC FORM 602 - DO NOT REMOVE

PBSP Form PC 148.6, Information Advisory    (148-6FRM.DOC)

Exhibit "B"

# PELICAN BAY STATE PRISON
## SECURITY HOUSING UNIT CELL SEARCH RECEIPT

DATE: _8-12-06_     UNIT: _D1_     TIME: _1600_

**SEARCHED BY:**

_D. WILLIAMS_     _DWilliams_     _____     _____
PRINT NAME     SIGNATURE     PRINT NAME     SIGNATURE

ASSIGNED CELL: _122_     (U): _____     CDC#: _____

(L) _WILLIAMS_     CDC#: _K-33769_

**CONDITION OF CELL:**

CLEAN ☐     DIRTY ☐     NEAT ☐

DATE OF CURRENT EXHIBIT "B" _4-13-06_

COMMENTS: _____

---

**APPLIANCE INSPECTION**

| | | |
|---|---|---|
| TELEVISION _KTV_ | SERIAL# _1108_ | WORKING ☒ NOT WORKING ☐ |
| TELEVISION _____ | SERIAL# _____ | WORKING ☐ NOT WORKING ☐ |
| RADIO _____ | SERIAL# _____ | WORKING ☐ NOT WORKING ☐ |
| RADIO _____ | SERIAL# _____ | WORKING ☐ NOT WORKING ☐ |

APPLIANCES INSPECTED BY: _D. Williams_     _Dw_
                          PRINT NAME          SIGNATURE

---

## ITEMS CONFISCATED:

| DESCRIPTION: | LOCATION IN CELL: | DISPOSITION: |
|---|---|---|
| EXCESS TRASH | lower right shelf | DISPOSED |
| EXCESS STATE food | | |
| pieces of metal (4) | INSIDE main lower | |
| STRANDS of wire (2) | right shelf | |
| EXCESS rags (23) | | |

Cell Search receipt given to inmate by: _D. WILLIAMS_     _Dw_
                                         PRINT NAME          SIGNATURE

**DISCIPLINARY DOCUMENTATION:**

☐ CDC 115     FOR: _____     OFFICER: _____

☐ CDC 128(A)     FOR: _____     OFFICER: _____

Cell searches are not intended as punishment. Staff are responsible for ensuring they respect inmates property during searches. Staff are to properly document all items confiscated during the search and their disposition. A copy of this Worksheet / Receipt will be given to the cell occupant when the search is completed.

ORIGINAL:     HOUSING UNIT
CC:     PROGRAM OFFICE
        INMATE OR INMATES ASSIGNED TO CELL

PBSP - 4692-A
FSP41-0049 (7/26/05)

# INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. _____ | | 1. _____ | | |
| 2. _____ | | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Williams | K-33762 | 3HU | D-1  110 |

**A. Describe Problem:** This appeal is to act as a "citizens complaint" against C/O D. Williams for her continued harrassment and violation of my First, Eighth, and Fourteenth Amendments rights gauranteed by the U.S. Constitution.

Facts:

• On 9-11-06 I received my CDC 115 disposition report (enclosed) in which it states that I both refused to attend my 115 hearing and refused to sign the 128-B confirming said denial. It further states that C/O D. Williams and C/O M. Potter are witnesses to my supposed denial.

• Both officers are lying. I was never asked by either officer whether I wanted to attend a 115 hearing

If you need more space, attach one additional sheet.

**B. Action Requested:** 1) C/O D. Williams is immediately suspended without pay or placed in a position away from inmates and weapons. 2) C/O D. Williams is ultimately fired. 3) The 128-B for refusal to attend the 115 hearing is expunged from my C-File

Inmate/Parolee Signature: Williams                                   Date Submitted: 9-14-06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: by-pass – see Title 15 § 3084.5 (a)(3)(G)

_____

_____

_____

_____

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

A. Describe Problem continued...

nor whether or not I was willing to sign a 128-B confirming a refusal.

• On 9-11-06 I confronted C/O M. Potter on his false claim of witnessing my refusal — and then signing a 128-B to that affect — to which he acknowledged that he didn't actually 'witness' anything, but was merely acting on the false claims of C/O D. Williams that I refused to attend my 115 hearing and then refused to sign the 128-B.

• C/O D. Williams is, thus, guilty of coercing another correctional officer to falsely sign a 128-B, of lying, of falsifying state documents, of harrassment, of retaliation, and of denying me my due process rights.

violations:

• C/O D. Williams violated my First Amendment rights by her continued harrassement and retaliatory actions taken against me because of a grievance I filed against her on 8-24-06.

• C/O D. Williams violated my Eighth Amendment right to be free of cruel and unusual punishment by her deliberate and prejudicial harrassing and retaliatory actions.

• C/O D. Williams violated my Fourteenth Amendment of denying me due process by falsely claiming I refused to attend my 115 hearing and then refusing to sign the 128-B confirming supposed refusal.

• C/O D. Williams violated my Fourteenth Amendment right of equal protection of the law by her deliberate and malicious, and continued harrassement and retaliatory actions.

• C/O D. Williams, acting under color of state law, is guilty of harrassment, making false accusations, coercion, retaliation, and falsifying of state documents; all violations of state and federal law.

# ADVISORY COMPLAINT AGAINST A PEACE OFFICER

Inmate Name ___Isaiah Williams___          PBSP Appeal Log # _____

Inmate Number ___K-93769___          Inmate Housing ___D-1 110'-___

In accordance with the California Penal Code (PC), sign this complaint document (information advisory) and attach it to the CDC Form 602, Inmate/Parolee Appeal, so that your appeal can be processed.

> ### PC 148.6. Falsely Reporting Police Misconduct.
> (a) Every person who files any allegation of misconduct against any peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 or Part 2, knowing the report to be false, is guilty of a misdemeanor.
> (b) Any law enforcement agency accepting an allegation of misconduct against a peace officer shall require the complainant to read and sign the following information advisory, ...

In accordance with the California Penal Code (PC), Section 148.6, you have the right to make a complaint against a police officer for any improper police conduct. California law requires and this agency has a procedure to investigate citizen's complaints. The written description of this procedure can be found in the California Code of Regulations (CCR), Title 15, section 3084 (Appeals) and in the Department of Corrections Operations Manual (DOM) section 31140. This agency may find after investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make a complaint and have it investigated, if you believe an officer behaved improperly. Citizen's complaints must be retained by this agency for at least five years. It is against the law to make a complaint against an officer knowing that it is false, and you can be prosecuted on a misdemeanor charge.

If the information found in your attached appeal is found to contain disrespectful, insulting comments or false statements, disciplinary action shall be taken against you, citing CCR 3004 Rights/Respect of Others (Division "F" offense); and/or 3021 Falsification of Records or Documents (Division "E" offense), and/or 3323(g)(6) Commission of a Misdemeanor offense (Division "E" offense).

I have read and understand the above statement/s.


___Williams___
Signature of complainant                    Staff Signature


___9-14-06___
Date                                        Date


# PERMANENT ATTACHMENT TO CDC FORM 602 - DO NOT REMOVE

supplemental

STATE OF CALIFORNIA
# RULES VIOLATION REPORT
ALSO SENT TO RECORDS ON 08-19-06

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| | WILLIAMS | | | PBSP | DB1-122U | D06-08-0014 |

| VIOLATED RULE NO(S). | | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| | | BATTERY ON PRISONER W/NO SERIOUS INJURY | D1 POD | 08-16-06 | 1437 HRS |

**CIRCUMSTANCES**

On August 16, 2006, at approximately 1437 hours, while assigned as D1 Control Booth Officer, I was conducting electronic program on the lower tier of D pods. After completing my second round of another F pod lower tier, I responded to a new sound of noise from the floor officer. The reporting inmate Powell (BCF Member, aka "Sendizi), (Pending Gang #), responded but he was not in his cell. I observed inmate WILLIAMS (BGF member, aka "Rhino"), C-12466, also responded but he was not in his cell. I observed inmate WILLIAMS standing in front of his cell. I immediately identified the down WILLIAMS' cell door, but he was already exiting the cell. WILLIAMS attacked Powell by hitting him with both fists in the face and torso. Powell defended himself by using his fist to hit WILLIAMS in the facial area. I yelled "Get down" and shot one direct impact round. The inmates continued to fight ignoring my orders. I shot three additional direct impact rounds that were ineffective in stopping the inmates from fighting. Responding staff subsequently entered F pod, and utilizing a state issued Mark 9 Saber 5.0 close mist (spray OC), sprayed WILLIAMS and Powell in their facial areas. The inmates started coughing and stopped fighting. Both inmates were placed in mechanical restraints and were decontaminated and re-housed.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ D. WILLARD, CORRECTIONAL OFFICER | | 8-19-06 | D1 CONTROL | S/W  M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ SERGEANT R. RANGEL | | 8/24/06 | DATE ____ N/A ____ LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | |
| ☒ SERIOUS | D(S) | 8-24-06 | ▶ M. RDA, CCII | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 8/4/06 | 1810 | 0837 A.C. |
| | | | | 7-729 |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | 8/4/06 | 1810 | ▶ | 8/4/06 | 1840 |

HEARING

This inmate is not EOP or CCR Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded the a Mental Health Assessment is not required.

The hearing officer used simple English and short sentences to ensure the inmate understood what was issued to him as well as the circumstances of this offense.

SIGNATURE OF ISSUING OFFICER

SEE ATTACHED 115-C FOR HEARING SUMMARY

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| CORRECTIONAL LIEUTENANT D. JAMES | | ▶ | 9/1/06 | 1730 |

| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|---|
| ▶ | | 9-5-06 | ▶ M. SCARETTA A.W. | 9/5/06 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ W. Coloma | 9/10/06 | 0116 |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT — PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| | | 3005 (c) | 08-16-06 | PBSP | D06-08-0011 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    [X] YES   [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ REFUSE TO SIGN | 8-26-06 |
| [ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| [ ] I REVOKE my request for postponement. | | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED | [X] WAIVED BY INMATE | ▶ REFUSE TO SIGN | 8-26-06 |
| [ ] ASSIGNED | DATE / NAME OF STAFF | | |
| [X] NOT ASSIGNED | REASON UNMC PER 3315 (d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED | [X] WAIVED BY INMATE | ▶ REFUSE TO SIGN | 8-26-06 |
| [ ] ASSIGNED | DATE / NAME OF STAFF | | |
| [X] NOT ASSIGNED | REASON UNMC PER 3315 (d)(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

[ ] REPORTING EMPLOYEE   [ ] STAFF ASSISTANT   [ ] INVESTIGATIVE EMPLOYEE   [ ] OTHER _____   [X] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | [ ] | [ ] | N/A | [ ] | [ ] |
| | | | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| [X] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1040 / DATE 8-26-06 |

CDC 115-A (7/88)          — If additional space is required use supplemental pages —          OSP 03 74845

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C

PAGE ___1___ OF ___2___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-33769 | WILLIAMS | D06-08-0014 | PBSP | 9/3/06 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E. REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing:** On Sunday, September 03, 2006 at approximately 1730 hours, WILLIAMS was given the opportunity to attend this disciplinary hearing on the charge of BATTERY ON A PRISONER WITH NO SERIOUS INJURY. WILLIAMS declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, WILLIAMS refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O M. Potter and C/O D. Williams) to his refusal was completed.

**District Attorney:** Per the California Department of Corrections (CDC) Form 115-A, WILLIAMS was advised prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. He was informed that any statements could be used against him in a court of law. There is no reason to believe that WILLIAMS signed a written postponement request.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant:** There is no reason to believe that WILLIAMS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee:** WILLIAMS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Photo and/or videotape evidence was not an issue for this hearing.

As WILLIAMS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 8/16/2006 and the Incident Report.

**Finding:** Guilty of the Div. D (8) offense BATTERY ON A PRISONER WITH NO SERIOUS INJURY. *Battery* means the deliberate use of force or violence on the person of another. As a matter of practice, this offense of battery or attempted battery is limited to those situations where the defendant is the aggressor in attacking the victim and the victim takes no action beyond self defense. *Serious injury* means a significant impairment such as bone fracture, extensive suturing, concussion, lack of consciousness, serious disfigurement, impairment or loss of body parts or organ or any other injury requiring hospitalization. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer D. Williams in the disciplinary report of 08/16/2006, wherein Officer Williams testifies that she mistakenly opened the door to cell D1-122L, releasing WILLIAMS before securing inmate POWELL. WILLIAMS then attacked POWELL, striking him with both fists. POWELL defended himself and both inmates continued to fight despite orders given by Officer Williams and four exact impact rounds being fired at the combatants.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|---|
| D. JAMES | | Correctional Lieutenant | 9/3/06 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) W Colema | DATE SIGNED: 9-10-06 | TIME SIGNED: 0716 | |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
·RULES VIOLATION REPORT - PART C

PAGE   2   OF   2

| CDC NUMBER K-33769 | INMATE'S NAME WILLIAMS | LOG NUMBER D06-08-0014 | INSTITUTION PBSP | TODAY'S DATE 9/3/06 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition:** Assessed **90** day credit forfeiture for this Div. D offense.  With this notice, WILLIAMS is informed that his credit restoration period began 08/17/2006 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days).  If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration.  If he completes this restoration period disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.  With this notice, WILLIAMS is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER D. JAMES | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 9/3/06 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) W. Coleman | | DATE SIGNED: 9-10-06 | TIME SIGNED: 0716 |

Exhibit D

STATE OF CALIFORNIA

MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE

DEPARTMENT OF CORRECTIONS

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | DATE |
|---|---|---|---|---|
| PBSP | D-1 | INJURY / USE OF FORCE / (UNUSUAL OCCURRENCE) | ON THE JOB INJURY / PRE AD/SEG ADMISSION | 8/16/06 |

| | NAME | LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | | WILLIAMS V | | K-33769 | D-1 122 | |

| | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | | | | | | |

| | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|---|
| THIS SECTION FOR VISITOR ONLY | | | | | | |
| | HOME ADDRESS | | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE APPROX | NAME OF WITNESS(ES) |
|---|---|---|
| D-1 F-SECT. | 8/16/06 1437 | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle) | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1440 | 1445 | CUSTODY | LITTER / WHEELCHAIR / (AMBULATORY) / ON SITE | 28 | | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

" I AINT GOT NUTHIN TO SAY."

IN POD ALTERCATION C̄ I.M. POWEL, L., B-59864, D1-123.

| INJURIES FOUND? (YES)/NO | |
|---|---|
| Abrasion/Scratch | (1) |
| Active Bleeding | (2) |
| Broken Bone | 3 |
| Bruise/Discolored Area | (4) |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | (9) |
| O.C. Spray Area | (10) |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | (13) |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | (16) |
| Other | 17 |
| | 18 |
| | 19 |



| O.C. SPRAY EXPOSURE? | (YES)/NO |
|---|---|
| DECONTAMINATED? | (YES)/NO |
| SHOWER X 15m | |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | YES / NO |
| Staff issued exposure packet? | YES / NO |

RN NOTIFIED/TIME
EXAM-IN-CLINIC
By RN J. FLOWERS

PHYSICIAN NOTIFIED/TIME
Ø

TIME/DISPOSITION
1500 TO CTC E.R.

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|
| L. FOLSOM MTA / L. Folsom | 45906 | |

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDC 7219 (Rev. 08/06)    DISTRIBUTION:    ORIGINAL - Custody    CANARY -Inmate/Employee    PINK - Health and Safety / RTW Coordinator

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: 10|25|06

Inmate WILLIAMS, K33769
Pelican Bay State Prison
Facility D, Security Housing Unit
Building 1, Cell 121

RE: WARDEN'S LEVEL DECISION                    APPEAL: DENIED
    APPEAL LOG NO. PBSP-D-06-02200             ISSUE: STAFF COMPLAINTS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Lieutenant R. Graves conducted the investigation and interview of this Appeal issue.

## ISSUES

Inmate Williams requests that Correctional Officer (C/O) D. Williams be suspended and ultimately fired. The inmate requests financial compensation for injuries incurred and to discourage unprofessional behavior in the future. Additionally, the inmate requests that the disciplinary for the incident be dismissed and expunged from his Central File.

## FINDINGS

### I

The inmate alleges in his Appeal that on August 12, 2006, C/O Williams searched his cell. The inmate alleges that when he confronted C/O Williams about the excessiveness of the search, C/O Williams made threatening remarks to him. On August 16, 2006, the inmate alleges that C/O Williams was the control booth officer and carried out her threats by creating a set up situation. The inmate contends that instead of opening the cell door of the inmate that who had just exited the shower, his cell door was opened. The inmate alleges that during the ensuing fight, C/O Williams used excessive force, targeting, and shooting him three times.

## DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP institutional procedures and departmental policies.

All staff involved were appropriately noticed and interviewed. All staff personnel matters are confidential in nature. Information concerning such matters is not available in response to inquiries from the general public, inmate population, or other staff members. In the event of staff misconduct, the institutional supervisory and administrative staff would take the appropriate course of actions. However, this would remain confidential information and would not be released.

The thorough review of the allegations presented in the complaint was completed. The investigation concluded that no evidence was found to support that staff acted unprofessionally. The accusations against C/O Williams have been deemed UNFOUNDED. Therefore, this Appeal is DENIED.

Supplement Page 2
WILLIAMS, K33769
Appeal # PBSP-D-06-02200

## MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT # 01        Date 10/10/06

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **FEB 0 5 2007**

In re: Williams, K-33769
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0605400        Local Log No.: PBSP 06-02200

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that Correctional Officer (CO) D. Williams abused her authority and searched the appellant's cell in retaliation and as a means to harass the appellant, and created a violent confrontation with another prisoner. The appellant asserts that CO Williams opened his cell door while another inmate was on the tier and then proceeded to shoot him three time with an exact impact round. The appellant requests to CO Williams be fired or placed in a position without inmate contact, and to be awarded monetary compensation.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant has not been subjected to misconduct on the part of named staff. The reviewer affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. Correctional Lieutenant R. Graves reviewed the submitted material and interviewed the involved parties. Based upon developed information, it was determined that the allegation of staff misconduct was UNFOUNDED. In order to determine the facts, the inquiry arising from this appeal included his interview; interview of department employees; and review of current policies, laws, and procedures. Additional research may have included interviews of other inmate's or review of the appellant's central file. The Second Level of Review (SLR) denied the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.  FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. The Director's Level of Review (DLR) notes that in this case the reviewer determined that the appellant's allegations were UNFOUNDED. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported the disposition to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or for monetary compensation is beyond the scope of the appeals process. Therefore no relief is provided at the DLR.

    **B.  BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3000, 3001, 3004, 3391
Administrative Bulletin 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT

    **C.  ORDER:** No changes or modifications are required by the institution.

WILLIAMS, K-33769
CASE NO. 0605400
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

EXHIBIT "B"

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region  Log No. D06-02295 Category 7H

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Williams, Isaiah | NUMBER K-58769 | ASSIGNMENT SHU | UNIT/ROOM NUMBER D-1 110 |
|---|---|---|---|

A. Describe Problem: The appeal is to act as a "citizens complaint" against S/o D. Williams for her continued harrasment and violation of my First, Eighth, and Fourteenth Amendments rights gauranteed by the U.S. Constitution.

Facts:

* on 9-11-06 I received my CDC 115 disposition report (log#) in which it states that I both refused to attend my 115 hearing and refused to sign the 128-B confirming said denial. It further states that S/o D. Williams and S/o M. Potter are witnesses to my alleged denial.

* Both officers are lying. I was never asked by these officer whether I wanted to attend a 115 hearing

If you need more space, attach one additional sheet.

B. Action Requested: 1) S/o D. Williams to immediately suspended without pay or placed in a position away from inmates and weapons. 2) S/o D. Williams to ultimately fired. 3) The 128-B for refusal to attend the 115 hearing is expunged from my C-File.

Inmate/Parolee Signature: Williams   Date Submitted: 9-14-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: By-pass see Title 15 §3084.5 (a)(3)(G)

Staff Signature: _____   Date Returned to Inmate: _____

BYPASS
BYPASS
RECEIVED INMATE APPEALS BRANCH SEP 2 6 2006

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number: _____

to CDW SEP 1 5 2006   ISU/AWSHU SEP 2 1 2006   2ND APPEALS OCT 2 6 2006

First Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: 9/21/06   Due Date: 11/03/06

Interviewed by: SGT HELLSTRAN on 10/6/06

SEE ATTACHED.

Staff Signature: B Graves   Title: Capt (A)   Date Completed: 10/18/06
Division Head Approved
Signature:   Title: Chm   Returned Date to Inmate: 10/23/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied c/o D. Williams did NOT ask me whether I wanted to attend my 115 hearing nor did he ask me to sign a 128 removal. She is lying and c/o Potter is lying if he says he witnessed it. Also the yellow citizens complaint form was removed - this is a citizens complaint.

Signature: Williams   Date Submitted: 10-23-06

Second Level   ☐ Granted   ☒ P. Granted   ☒ Denied   ☐ Other
☐ See Attached Letter

G. REVIEWER'S ACTION (Complete within 10 working days) Date assigned: 10/24/06   Due Date: 11/28/06

Signature: B ...   Date Completed: 11-15-06
Warden/Superintendent Signature:   Date Returned to Inmate: 12-12-06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied. In no way, shape, or form did c/o D. Williams ask me if I wanted to attend my 115 hearing. In no way, shape, or form did "control booth officer" c/o Potter witness c/o D. Williams ask me if I wanted to attend my 115 hearing, nor witness me deny/refuse to attend said hearing or refuse to sign a 128-b. This is witnessed by the fact that c/o Potter was in the control tower behind the switchboard (quite a distance from my cell) and not in a position to hear, and thus witness, any conversation that would take place between c/o D. Williams and myself. Both officers are lying. I want it noted that you also violated the time constraints on the 2nd level.

Signature: Williams   Date Submitted: 12-17-06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other
☒ See Attached Letter   Date: MAR 1 6 2007

CDC 602 (12/87)

A. Describe Problem continued...

nor whether or not I was willing to sign a 128-B confirming a refusal.

- on 9-11-06 I confronted C/o M. Potter on his false claim of witnessing my refusal — and then signing a 128-B to that affect — to which he acknowledged that he didn't actually 'witness' anything, but was merely acting on the false claims of C/o D. Williams that I refused to attend my 115 hearing and then refused to sign the 128-B.
- C/o D. Williams is, thus, guilty of coercing another correctional officer to falsely sign a 128-B, of lying, of falsifying state documents, of harrassment, of retaliation, and of denying me my due process rights.

violations:

- C/o D. Williams violated my First Amendment rights by her continued harrassment and retaliatory actions taken against me because of a grievance I filed against her on 8-24-06.
- C/o D. Williams violated my Eighth Amendment right to be free of cruel and unusual punishment by her deliberate and prejudicial harrassing and retaliatory actions.
- C/o D. Williams violated my Fourteenth Amendment of denying me due process by falsely claiming I refused to attend my 115 hearing and then refusing to sign the 128-B confirming supposed refusal.
- C/o D. Williams violated my Fourteenth Amendment right of equal protection of the law by her deliberate and malicious, and continued harrassment and retaliatory actions.
- C/o D. Williams, acting under color of state law, is guilty of harrassment, making false accusations, coercion, retaliation, and falsifying of state documents; all violations of state and Federal law.

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**    804 SENT TO RECORDS ON 08-18-06    DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| K-33769 | WILLIAMS | | | PBSP | D01-122L | D06-08-0014 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) | BATTERY ON PRISONER W/ NO SERIOUS INJURY | D1, F POD | 08-16-06 | 1437 HRS |

CIRCUMSTANCES

On August 16, 2006, at approximately 1437 hours, while assigned as D1 Control Booth Officer, I was conducting shower program on the lower tier in all pods. After completing my second round of showers, F pod being last, I requested a new round of razors from the floor officer. Not realizing Inmate Powell (BGF Member, aka "Sannai"), B-59864, D01-123L, had not been secured in his cell, I released Inmate WILLIAMS (NLR member, aka "sinner"), K-33769, D01-122L, next for shower. As I opened WILLIAMS' cell door, I saw Powell standing in front of his cell. I immediately attempted to close WILLIAMS' cell door, but he was already exiting the cell. WILLIAMS attacked Powell by hitting him with both fists in the face and torso. Powell defended himself by using his fist to hit WILLIAMS in the facial area. I yelled "Get down" and shot one exact impact round. The inmates continued to fight ignoring my orders. I shot three additional exact impact rounds that were ineffective in stopping the inmates from fighting. Responding staff subsequently entered F pod, and utilizing a state issued Mark 9 Saber 5.0 oleoresin capsicum (OC), sprayed WILLIAMS and Powell in their facial areas. The inmates started coughing and stopped fighting. Both inmates were placed in mechanical restraints and were decontaminated and re-housed.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. WILLIAMS, CORRECTIONAL OFFICER | 8-19-06 | D1 CONTROL | 3/W  M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ SERGEANT F. RANGEL | 8/24/06 | DATE    N/A    LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D (8) | 8-24-06 | ▶ M.PENA, CCII | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ✗ | ▶ | 8/6/06 | 1040 | 0837 A,C  2) 7219 |

| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| PBP-D1-06-08 | ▶ | 8/6/06 | 1040 | ▶ | 8/26/06 | 1040 |

HEARING    0327

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

The issuing officer used simple English and short sentences to ensure the inmate understood what was issued to him as well as the circumstances of the offense.

SIGNATURE OF ISSUING OFFICER

SEE ATTACHED 115-C FOR HEARING SUMMARY

REFERRED TO   ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| CORRECTIONAL LIEUTENANT D. JAMES | ▶ | 9/1/06 | 1730 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ CAPTAIN A. KELLEY | 9-5-06 | ▶ C.M. SCHETTA A.W. | 9/5/06 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ W. Colema | 9-10-06 | 1116 |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

PELICAN BAY SECURITY HOUSING UNIT

| UDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-33769 | WILLIAMS | 3005 (c) | 08-16-06 | PBSP | D06-08-0014 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ REFUSE TO SIGN | 8-26-06 |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | ▶ REFUSE TO SIGN | 8-26-06 |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☒ NOT ASSIGNED | REASON DNMC PER 3315 (d) (2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | ▶ REFUSE TO SIGN | 8-26-06 |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☒ NOT ASSIGNED | REASON DNMC PER 3315 (d)(1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) | TIME 1040 | DATE 8-26-06 |
|---|---|---|---|

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 74845

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C                                            PAGE __1__ OF __2__

| CDC NUMBER K-33769 | INMATE'S NAME WILLIAMS | LOG NUMBER D06-08-0014 | INSTITUTION PBSP | TODAY'S DATE 9/3/06 |
|---|---|---|---|---|

☐SUPPLEMENTAL    ☒CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☒HEARING    ☐I.E .REPORT    ☐OTHER

**Hearing:** On Sunday, September 03, 2006 at approximately 1730 hours, WILLIAMS was given the opportunity to attend this disciplinary hearing on the charge of BATTERY ON A PRISONER WITH NO SERIOUS INJURY. WILLIAMS declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, WILLIAMS refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O M. Potter and C/O D. Williams) to his refusal was completed.

**District Attorney:** Per the California Department of Corrections (CDC) Form 115-A, WILLIAMS was advised prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. He was informed that any statements could be used against him in a court of law. There is no reason to believe that WILLIAMS signed a written postponement request.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant:** There is no reason to believe that WILLIAMS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee:** WILLIAMS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Photo and/or videotape evidence was not an issue for this hearing.

As WILLIAMS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 8/16/2006 and the Incident

**Finding:** Guilty of the Div. D (8) offense BATTERY ON A PRISONER WITH NO SERIOUS INJURY. *Battery* means the deliberate use of force or violence on the person of another. As a matter of practice, this offense of battery or attempted battery is limited to those situations where the defendant is the aggressor in attacking the victim and the victim takes no action beyond self defense. *Serious injury* means a significant impairment such as bone fracture, extensive suturing, concussion, lack of consciousness, serious disfigurement, impairment or loss of body parts or organ or any other injury requiring hospitalization. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer D. Williams in the disciplinary report of 08/16/2006, wherein Officer Williams testifies that she mistakenly opened the door to cell D1-122L, releasing WILLIAMS before securing inmate POWELL. WILLIAMS then attacked POWELL, striking him with both fists. POWELL defended himself and both inmates continued to fight despite orders given by Officer Williams and four exact impact rounds being fired at the combatants.

| SIGNATURE OF WRITER D. JAMES | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 9/3/06 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) W. Coleman | DATE SIGNED: 9-10-06 | TIME SIGNED: 0716 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER K-33769 | INMATE'S NAME WILLIAMS | LOG NUMBER D06-08-0014 | INSTITUTION PBSP | TODAY'S DATE 9/3/06 |
|---|---|---|---|---|

☐SUPPLEMENTAL   ☒CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☒HEARING   ☐I.E .REPORT   ☐OTHER

**Disposition:** Assessed **90** day credit forfeiture for this Div. D offense. With this notice, WILLIAMS is informed that his credit restoration period began 08/17/2006 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, WILLIAMS is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER D. JAMES | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 9/3/06 |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) W. Coleman | DATE SIGNED: 9-10-06 | TIME SIGNED: 0716 |

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS
                                                                CDC-128 B (8-87)

NAME  WILLIAMS              NUMBER  K - 33769       CELL # DO1-110 L

On  SEPT 3, 2006  at  1730  hours, inmate  WILLIAMS  was

given the opportunity to attend the Disciplinary Hearing for CDC-115 Log # DO6-08-0014

He declined to attend the hearing.

9/3/06  1800 HRS
Date and Time

INMATE SIGNATURE
☒  The inmate refused to sign                    D WILLIAMS
Original:    Central File  CC:                   Staff (Print name and sign)
                          AWC File
DATE:  9-3-06                                    M. Toffler
                                                 Staff (Print Name and sign)

CDC 115 HEARING REFUSAL              PBSP        GENERAL CHRONO

# NOTICE TO INMATE
# [✓] STAFF COMPLAINT
# [ ] USE OF FORCE

INMATE: _Williams_ CDC#: _K33749_ HOUSING: _D1-110_

On _9/15/06_ you filed a 602 appeal alleging a Staff Complaint, in addition to other appeal issues. According to current policy, only the Staff Complaint issue will be addressed in the response, and you will be required to file a separate appeal on any other non Staff Complaint issues if you wish to pursue them.

_D. W. BRADBURY_
**Appeals Coordinator**
**Pelican Bay State Prison**

DATE: _9/15/06_

(Rev 1/19/06)

copy sent to
I/M 9/15/06

**FIRST LEVEL SUPPLEMENTAL PAGE**

**RE:**  PELICAN BAY STATE PRISON (PBSP)
Appeal Log Number PBSP-D-06-02295
First Level Reviewer's Response

Inmate:    WILLIAMS, K-33769

## APPEAL DECISION:    DENIED

## APPEAL ISSUE: (MODIFIED)

## APPEAL ISSUE:
Staff Complaints-You claim that Officer D. Williams lied about asking you if you wanted to attend a 115 hearing, lied about asking you if you were refusing to attend a 115 hearing, lied about asking you to sign a CDC 128(B) waiver, documenting your refusal to attend a 115 hearing, and coerced Officer M. Potter into signing the CDC 128(B) chrono as a staff witness documenting your refusal.

Your requested action was to have Officer Williams immediately suspended without pay or placed in a position away from inmates and weapons, ultimately fired and have the 128(B) expunged from your central file.

## FINDINGS:
Sergeant N. Heggstrom was assigned to investigate your complaint by the First Level Reviewer. Sergeant Heggstrom interviewed on October 6, 2006. You reiterated the same information as your written appeal and had nothing new to add. A thorough review of this complaint has been conducted to resolve the issue.    The following witnesses were questioned-Officer D. Williams and Officer M. Potter. Your 602 appeal, the CDC 128(B) Informative Chrono that staff used to document your refusal were reviewed. This investigation revealed that Officer Williams asked you if you wanted to attend your 115 hearing and you failed to respond, which was taken as a direct refusal.

## DETERMINATION OF ISSUE:
Based on the results of the investigation into your complaint, your allegations are determined to be **UNFOUNDED**. In regards to your actions requested, although you have the right to file a staff complaint, you do not have the authority or the right to dictate punitive action or otherwise be involved in personnel matters. All staff personnel matters are confidential in nature and not privy to other staff, the general public or the inmate population. In the event staff misconduct is sustained, the Institution's Administration will take the appropriate course of action. Based on the aforementioned your appeal is **DENIED** at the First Level of Review.

_4)X _____ (apt A)_ 10/19/06
M. R. FERGUSON      Date
Facility Captain (A)
Facility D

_____  Date / o //x/ 06
C. M. SCAVETTA      Date
Associate Warden
Security Housing Unit

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: DEC 0 1 2006

Inmate WILLIAMS, K-33769
Pelican Bay State Prison
Facility D, Security Housing Unit
Building 1, Cell 110

RE: WARDEN'S LEVEL DECISION
    APPEAL LOG NO. PBSP-D-06-02295

APPEAL: DENIED
ISSUE: STAFF COMPLAINT

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Sergeant A. Dornback interviewed the inmate on October 6, 2006, at the First Level of Appeal Review.

## ISSUES

The inmate requests adverse action be taken against Correctional Officer (C/O) D. Williams and to have her restricted from working armed positions or those with inmate contact. He also requests to have a CDC 128-B; general chrono dated September 3, 2006 removed from his Central File.

## FINDINGS

I

On September 10, 2006, the inmate was issued his final copy of Rules Violation Report, Log #D06-08-0014, at which time he claims to have discovered that C/O Williams reported that he refused to attend the disciplinary hearing and refused to sign the chrono indicating his refusal. The inmate's refusal was also witnessed by C/O M. Potter. However, the inmate disputes this claim denying that he was given the opportunity to attend the hearing.

II

The First Level Reviewer interviewed the inmate and staff concerning the allegations. The reviewer completed a report concerning the allegations, the results of the investigation and an explanation of how the conclusion was reached.

## DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP's institutional procedures and departmental policies.

Based upon a review of the completed report, the finding of these allegations is UNFOUNDED; therefore, the APPEAL IS DENIED.

Supplement Page 2
Williams, K-33769
Appeal # PBSP-D-06-02295

## MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden
Pelican Bay State Prison

BDS # 47 11-15-06

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **MAR 1 6 2007**

In re:  Williams, K-33769
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0607392        Local Log No.: PBSP 06-02295

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that Correctional Officer (CO) D. Williams abused her authority and falsified a CDC Form 128-B, General Chrono that stated that the appellant refused to attend a CDC Form 115, Rules Violation Report hearing. The appellant contends that he was not provided the opportunity to attend the hearing. The appellant requests that CO Williams not be allowed to work in positions that come in contact with inmates, that CO Williams be fired, and that the CDC form 128B be removed from his central file (C-file).

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant has not been subjected to misconduct on the part of named staff. The reviewer affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. Correctional Sergeant A. Dornback reviewed the submitted material and interviewed the involved parties. Based upon developed information, it was determined that the allegation of staff misconduct was UNFOUNDED. In order to determine the facts, the inquiry arising from this appeal included his interview; interview of department employees; and review of current policies, laws, and procedures. Additional research may have included interviews of other inmate's or review of the appellant's central file. The First Level of Review (FLR) and Second Level of Review denied the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the FLR. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. The Director's Level of Review (DLR) notes that in this case the reviewer determined that the appellant's allegations were UNFOUNDED. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported the disposition to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. Therefore no relief is provided at the DLR.

    **B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3000, 3001, 3004, 3391
Administrative Bulletin 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT

    **C. ORDER:** No changes or modifications are required by the institution.

WILLIAMS, K-33769
CASE NO. 0607392
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

EXHIBIT "C"

DI- 4 l/ms

# INMATE REQUEST FOR INTERVIEW

STATE OF CALIFORNIA
A-22 (9/92)                                                    DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|-----|-----|
| 4-4-07 | Griffin - SHU Library | Williams    C. 8. 2/8 | K-33769 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM          TO |
|---------|-----------|-----------------|------|

C-8          2/8

**PELICAN BAY STATE PRISON**
**SECURITY HOUSING UNIT**
**Unit C-8**

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)                    ASSIGNMENT HOURS    FROM          TO

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Two things: ① I need to collect (declarations) from several inmate witnesses for an upcoming civil suit. I've written Litigation with no response. what do I do?

② Just so you know, I put in a library book request tonight.

Thank you.

Do NOT write below this line. If more space is required, write on back

| INTERVIEWED BY | DATE |
|-----|-----|
| M. Griffin  4-5-07 | |

POSITION

I contacted Litigation and had my understanding of the process clarified. "declaration" is considered a Request for a 1 time correspondence approval. You need to Request via inmate Request for interview to your

Counselor. The counselor will evaluate and contact Litigation – At some point in this process you will probably be required to show proof of litigation under way. I am sorry for the confusion.

Pls let me know if you do not receive a book.

Griffin 4.5.07

She stated that it won't be possible until after complaint has been filed.

EXHIBIT "D"

U.S. Department of Justice

## Certification of Identity



Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   Isaiah Noel Williams   (K-33769)

Citizenship Status [2]  Citizen of the United States  Social Security Number [3] _____

Current Address  D-1 110 5HU  PO Box 7500  Crescent City, CA 95531

Date of Birth  12-3-77 _____  Place of Birth  Fresno, CA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _NW_____   Date  January 18, 2007

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

| Government Claims Form California Victim Compensation and Government Claims Board P.O. Box 3035 Sacramento, CA 95812-3035 1-800-955-0045 www.governmentclaims.ca.gov | State of California |
|---|---|
| | For Office Use Only Claim No.: |

## Is your claim complete?

| | |
|---|---|
| ☐ | **New!** Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach receipts, bills, estimates or other documents that back up your claim. |
| ☐ | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

**❶** Williams (Last name)  Isaiah (First Name)  Noel (MI)

**❷** Tel: [ ]

**❸** Email: [ ]

**❹** D-1 110 SHU  PO Box 7500 (Mailing Address)  Crescent City (City)  CA. (State)  95531 (Zip)

**❺** Best time and way to reach you: Mail

**❻** Is the claimant under 18? ☐ Yes  ☑ No  If YES, give date of birth: [ ] MM [ ] DD [ ] YYYY

## Attorney or Representative Information

**❼** (Last name)  (First Name)  (MI)

**❽** Tel: [ ]

**❾** Email: [ ]

**❿** (Mailing Address)  (City)  (State)  (Zip)

**⓫** Relationship to claimant:

## Claim Information

**⓬** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond? ☐ Yes  ☑ No

| State agency that issued the warrant: | If NO, continue to Step ⓭ |
|---|---|
| Dollar amount of warrant: | Date of issue: |
| | MM  DD  YYYY |
| Proceed to Step ⓴ | |

**⓭** Date of Incident: August 16, 2006

Was the incident more than six months ago? ☐ Yes  ☑ No
If YES, did you attach a separate sheet with an explanation for the late filing? ☐ Yes  ☐ No

**⓮** State agencies or employees against whom this claim is filed:

Pelican Bay State Prison Correctional Officer (C-O) D. Williams

**⓯** Dollar amount of claim: $200,000.00

If the amount is more than $10,000, indicate the type of civil case:
☐ Limited civil case ($25,000 or less)
☑ Non-limited civil case (over $25,000)

Explain how you calculated the amount:

One hundred thousand dollars ($100,000.00) for the excessive force used and one hundred thousand dollars ($100,000.00) for the deliberate indifference shown by correctional officer (C-O) D. Williams, from which I continue to experience both physical and mental suffering.

**16** Location of the incident:

D-Facility 1-Block F-Pod    Pelican Bay State Prison  Security Housing Unit.

**17** Describe the specific damage or injury:

Pain in head and ear as well as periodic numbness, vision problems; pain in mid-lower back with periodic numbness in legs and feet; scaring from the four (4) forty mm (40mm) exact impact rounds.

**18** Explain the circumstances that led to the damage or injury:

I was first threatened and then intentionally set up by correctional officer (c-o) D. Williams, who during the altercation, maliciously and sadistically used excessive force shooting me four (4) times in the head and back with forty mm (40mm) exact impact rounds, ignoring other less harmfull means of resolving the incident.

**19** Explain why you believe the state is responsible for the damage or injury:

Correctional officer (c-o) D. Williams, while acting under color of state law and with deliberate indifference, first threatened and then knowingly created an altercation, during which she maliciously and sadistically used excessive force against me; thus correctional officer (c-o) D. Williams is guilty of Assault and battery and negligence according to state law.

**20** Does the claim involve a state vehicle?     ☐ Yes     ☑ No

If YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21**

*Name of Insurance Carrier*

| | | | | |
|---|---|---|---|---|
| *Mailing Address* | | *City* | *State* | *Zip* |

| | | |
|---|---|---|
| Policy Number: | Tel: | |
| Are you the registered owner of the vehicle? | ☐ Yes | ☐ No |
| If NO, state name of owner: | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | ☐ Yes | ☐ No |
| Have you received any payment for this damage or injury? | ☐ Yes | ☐ No |
| If yes, what amount did you receive? | | |
| Amount of deductible, if any: | | |
| Claimant's Drivers License Number: | Vehicle License Number: | |
| Make of Vehicle: | Model: | Year: |
| Vehicle ID Number: | | |

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| | |
|---|---|
| *Signature of Claimant or Representative* | January 18, 2007 |
| | *Date* |

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## For State Agency Use Only

**24**

| | |
|---|---|
| *Name of State Agency* | *Fund or Budget Act Appropriation No.* |

| | |
|---|---|
| *Name of Agency Budget Officer or Representative* | *Title* |

| | |
|---|---|
| *Signature* | *Date* |

VCGCB-GC-002 (Rev. 8/04)

**AFFIDAVIT FOR WAIVER OF GOVERNMENT CLAIMS
FILING FEE AND FINANCIAL INFORMATION FORM**
*(Request for Permission to Proceed In Forma Pauperis)*
California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035
(Law instructions: www.governmentclaims.ca.gov)

| State of California |
| --- |
| **For Office Use Only** |
| Claim No.: |

> *I request a fee waiver so that I do not have to pay the $25 fee to file a government claim with the Victim Compensation and Government Claims Board. I cannot pay any part of the fee.*

## Claimant Information

**❶** Williams        Isaiah        Noel      **❷** Tel:
Last name        First Name        MI

**❸** Claim Number (if known):

## Employment Information

**❹** My occupation:

My employer:

Employer's Mailing Address        City        State   Zip

My spouse's or partner's employer:

Employer's Mailing Address        City        State   Zip

**❺** If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance, enter your inmate identification number below and skip to step **㉓**.

Inmate Identification Number:   K-33769

## Financial Information

**❻** I am receiving financial assistance from one or more of the following programs.        Yes        No

If no, proceed to step **❼** If yes, check all that apply, then skip to step **㉔**.

SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs

CalWORKS: California Work Opportunity and Responsibility to Kids Act

Food Stamps

County Relief, General Relief (GR), or General Assistance (GA)

**❼** Number in my household and my gross monthly household income, if it is the following amount or less:

| | Number | Monthly family income | | Number | Monthly family income |
| --- | --- | --- | --- | --- | --- |
| **A** | 1 | $969.79 | **F** | 6 | $2,626.04 |
| **B** | 2 | $1,301.04 | **G** | 7 | $2,957.29 |
| **C** | 3 | $1,632.29 | **H** | 8 | $3,288.54 |
| **D** | 4 | $1,963.54 | **I** | | There are more than 8 people in my family |
| **E** | 5 | $2,294.79 | | | Add $331.25 for each additional person. |

Number: [        ] Total Income: [        ]

If you checked a box in step **❼** A through I, complete steps **❾** through **⑮**. Then skip to step **㉔**.

**❽** My income is not enough to pay for the common necessities of life for me and the people in my family, and also pay the filing fee.        Yes        No

If yes, fill in steps **❾** through **㉔**

## Monthly Income and Expenses

**9** My gross monthly pay is: $ ___    **10** My income changes each month:     Yes ___  No ___

**11** Number of persons living in my home: ___

**12** Other money I get each month

| | Name | Age | Relationship | Monthly Income | | Source: | |
|---|---|---|---|---|---|---|---|
| A | | | | $ | A | | $ |
| B | | | | $ | B | | $ |
| C | | | | $ | C | | $ |
| D | | | | $ | D | | $ |
| E | | | | $ | E | | $ |
| F | | | | $ | F | | $ |

**15** My total gross monthly household income: $ ___    **13** Total other money: $ ___

**16** My payroll deductions are:     **14** My monthly income: $ ___

| | | | | | |
|---|---|---|---|---|---|
| A | | $ | E | | $ |
| B | | $ | F | | $ |
| C | | $ | G | | $ |
| D | | $ | H | | $ |

**17** My total payroll deduction amount is: $ ___

**18** My monthly take home pay is $ ___    **19** My net monthly income: $ ___

**20** I own or have interest in the following property:

A Cash $ ___    C Cars, other vehicles, and boats (List make and year)

B Checking and savings (List banks):

| | Property | Value | Loan Balance |
|---|---|---|---|
| 1) ___ $ ___ | 1) | $ | $ |
| 2) ___ $ ___ | 2) | $ | $ |
| 3) ___ $ ___ | 3) | | |
| 4) ___ $ ___ | D Real estate (List addresses) | | |
| | 1) | $ | $ |
| | 2) | $ | $ |

**21** My monthly expenses are:

| | | | | | | |
|---|---|---|---|---|---|---|
| A | Rent or house payment | $ | J | Installment payments (specify) | | |
| B | Food and household supplies | $ | 1) | | $ | |
| C | Utilities and telephone | $ | 2) | | $ | |
| D | Clothing | $ | 3) | | $ | |
| E | Laundry and cleaning | $ | Total installment payments: | | $ | |
| F | Medical and dental | $ | K | Wage assignment or withholdings | $ | |
| G | Insurance | $ | L | Spousal or child support | $ | |
| H | School, child care | $ | M | Other: | | |
| I | Transportation and auto expenses | $ | 1) | | $ | |
| | | | 2) | | $ | |
| | | | Total other expenses: | | $ | |

**22** Total monthly expenses: $ ___

**23** I have attached other information that supports this application on a separate sheet.     ✓ Yes ___  No ___

## Signature Section

**24** I declare under penalty of perjury under the laws of the state of California that the information on this form and all the attachments is true and correct.

Signature: _γ𝒲_
Signature of Claimant

January 18, 2007
Date

VCGCB-GC-0010 8/04





STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Isaiah Williams K33769
P O Box 7500
Crescent City, CA  95531

February 13, 2007

RE:  Claim G565693 for Isaiah Williams, K33769
     Tort claim for CDC Inmates, General/Punitive Damages

Dear Isaiah Williams,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on January 29, 2007.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda.  The VCGCB will act on your claim at the March 15, 2007 hearing. You do not need to appear at this hearing.  The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G565693 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

     Ltr 99 Complex Issue Reject

 

Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Isaiah Williams K33769
P O Box 7500
Crescent City, CA  95531

March 21, 2007

RE:  Claim G565693 for Isaiah Williams, K33769

Dear Isaiah Williams,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
March 15, 2007.

If you have questions about this matter, please mention letter reference 123 and claim number G565693 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Linda Paluda,  Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin


### Warning

Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.  You may seek
the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you
should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR PROPER
SERVICE OF SUMMONS AND COMPLAINT.

Ltr 123 Claim Rejection

EXHIBIT "E"

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                                                ARNOLD SCHWARZENEGGER, GOVERNOR

**OFFICE OF THE OMBUDSMAN**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



November 13, 2006

Isaiah Williams, K33769
Pelican Bay State Prison
P. O. Box 7500 D1 110
Crescent City, CA  95532

Dear Mr. Williams,

This is in response to receiving your Inmate Request for Interview dated October 29, 2006 alleging excessive force and other state and federal violations citizen's complaint that you do not believe is being properly investigated at Pelican Bay State Prison (PBSP).

California Code of Regulations (CCR), Title 15, Article 8, Section 3084.1 (a) affords you the right to appeal any departmental decision, action, condition or policy that you can demonstrate as having an adverse effect upon you welfare.  CCR, Section 3084.2 explains you are to use a CDC Form 602 (rev. 12-87), Inmate/Parolee Appeal Form, to describe the problem, action requested, and forward it to the appeals coordinator. There are four levels of appeals as indicated in CCR Section 3084.5 Levels of Appeal Review and Disposition.  Appeal time limits, which are in working days, are indicated in CCR, Section 3084.6.

I have contacted the appeals office at PBSP.  You appeal log number PBSP D-06-02200 regarding Correctional Officer D. Williams was completed at the second level on October 25, 2006.  I contacted the Director's Level, Third Level, of appeals and your appeal has not yet been received.

Based on the information provided to this office, it appears that you have not exhausted all of your appeal remedies.

This letter does not extend your window to appeal the matters described in your letter.

Sincerely,

*Ralyn Conner*

RALYN CONNER
Ombudsman

cc:    file

EXHIBIT "F"

**Notes**

Entry Date: 08-16-2006 1944        Entered By: MPIMSLF, FOLSOM, MTA

WEDNESDAY 8-16-06 3/W 14:45: I.M. SEEN IN D-CLINIC POST "DAY ROOM" ALTERCATION IN D-1.

S- "I AINT GOT NUTHIN TO SAY."

O- O.C. EXPOSURE. MULTIPLE SCRATCHES, ABRASIONS, BRUISES/DISCOLORATIONS, POSSIBLE SMALL PUNCTURE WOUNDS, POSSIBLE INJURIES FROM DIRECT IMPACT ROUNDS. NO LOSS OF CONSCIOUSNESS - ALERT & ORIENTED.

A- EVALUATED IN D-CLINIC BY RN J. FLOWERS.

P- DECONTAMINATED BY SHOWER X'S 2. PHONE REPORT TO CTC ER RN BY D-CLINIC RN C. MARTINEZ. 15:00 I.M. TRANSPORTED TO CTC ER FOR FURTHER EVAL. & POSSIBLE SUTURES.



| | |
|---|---|
| **PHYSICIAN'S PROGRESS NOTES** | **CDC #:** K33769 |
| | **Name(L.F.M.S):** WILLIAMS, ISAIAH |

CDC 7230
STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES REQUEST FORM (PBSP 73)

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|

If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty

REQUEST FOR:  MEDICAL ☑  PSYCHIATRY ☐  MENTAL HEALTH ☐  DENTAL ☐  PHARMACY ☐

NAME: Williams                CDC #: K-39769         HOUSING: D-1 122⌐

PHARMACY REFILL #                              *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE. (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM)

Since being shot in the head and back on 8-16-06 I've been experiencing several discomforts. I've had a major headache and off-and-on earache since being shot. I've also experience a few episodes of dizziness. there has also been a shooting pain from the spot I was shot in my lower back down my left leg accompanied by a cold-numb sensation.

PATIENT'S SIGNATURE:                          DATE: 8-23-06

## PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA

Date & Time Received: 08/25/06 @ 0720          Received by: Flowers

Reviewed by (RN)/RDA, Date: 08/25/06 Time:    Signature: Flowers   Triage Designation: U

S:

O:    T: 98.6   P: 78   R: 97  BP: 112/72  WEIGHT: 141

20/50 (L)
20/50 (2)
20/40 (B)

SEE EMR

A:

P:

Signature/Date/Time: Flowers  08/25/06 @ 1345

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (immediately) | URGENT ☐ (within 24 hours) | ROUTINE ☑ (within 14 calendar days) |
|---|---|---|---|

REFERRED TO PCP: Yes          DATE OF APPOINTMENT: 09/01/06

J. FLOWERS                    Flowers R.N.              08/25/06 @ 1345
Print/Stamp Name              Signature/Title           Date & Time Completed

## COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF

| | | |
|---|---|---|
| 1. | ☐ | Visit was for an emergency |
| 2. | ☐ | Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR) |
| 3. | ☐ | Visit was for mental health services |
| 4. | ☑ | Visit was a follow-up requested by the clinician. |
| 5. | ☐ | Visit was for State mandated evaluation or treatment (e.g., Annual TB tests) |
| 6. | ☐ | Visit was for reception screening and evaluation only |
| 7. | ☐ | Visit is NOT exempt from co-payment. Send PINK copy to Inmate Trust Office. |

DISTRIBUTION:
ORIGINAL-Unit Health Record    YELLOW - Pharmacy    PINK - Inmate Trust    GOLDENROD – Inmate/Patient
PBSP 7362 (Rev. 7/03)

| Name: | CDC#: | Housing: | Institution: |
|---|---|---|---|

Visit Start Dt/Tm: 09-01-2006 0800    Encounter    : SICK CALL

Visit Reason:  MED FOLLOW-UP

## Subjective

**Entry Date:** 09-01-2006 1059                    **Entered By:** MPIMSJG1 , GEOULA, MD

**Updated Date:** 09-01-2006 1104                 **Updated By:** MPIMSJG1 , GEOULA, MD

Complains of headache on the left occipital area.  He states he was hit with rubber bullet when he was in a fight, approximately 1-2 weeks ago. He has sensation of diziness. no localized weakness or numbness. no speech abnormalities. Intermittent complaint of blurry vision in left eye. He also has mid back pain, from a rubber bullet in that area. no dyspnea. no abdominal pain.

## Objective

### Vitals

**Vitals Dt/Tm:** 09-01-2006 1053      **Temp (°F):**    96.7    **Pulse:**    85    **Respiration:** 18

**Blood Pressure:** 118/72        **Wgt:** 161   **Hgt:**  " "    **Provider:** ESTEPA, JR, MTA , ALFONSO

**Notes:**

### Other

**Name:** physical

**Provider:** GEOULA, MD , JACK

**Notes:**                                           **Other Dt/Tm:** 09-01-2006 1104



| PHYSICIAN'S PROGRESS NOTES | **CDC #:** K33769 |
|---|---|
| | **Name(L.F.M.S):**  WILLIAMS, ISAIAH |

CDC 7230

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

## Plan

**Provider:** GEOULA, MD , JACK

**Plan Dt/Tm:** 09-01-2006 1107     **Completed By:**

**Completed Dt/Tm:**

**Patient Education:** N     **Phone Order Status:** NONE

**Entry Date:** 09-01-2006 1107     **Entered By:** MPIMSJG1, GEOULA, MD

Headache- During a fight in jail, was hit with rubber bullet, which he states hit him in the left occipital area. Patient with persistant pain, and diziness. Also with complaint of occasional blurry vision. no other neurological findings on exam today. Will order a head CT with and w/o contrast for further evaluation.
Mid back pain- Trauma to this area, during a fight in jail, hit by rubber bullet. Will schdule for a thoracic spine Xray. Usr Prn naproxen already ordered.

## Order

### Treatments

| Start Dt: | CPT | Treatment | Freq | Anatomical Location | Provider |
|---|---|---|---|---|---|
| 09-01-2006 1116 | 99999 | RTC IN 10 DAYS | AM | | GEOULA, MD, JACK |

### Tests

| Order Dt/Tm | Test/Instructions | Ordered By: |
|---|---|---|
| 09-01-2006 1111 | X-RAY | GEOULA, MD, JACK |
| | Xray of thoracic spine- history of trauma with rubber bullet | |



| PHYSICIAN'S PROGRESS NOTES | **CDC #:** K33769 |
|---|---|
| | **Name(L.F.M.S):** WILLIAMS, ISAIAH |

CDC 7230
STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

99035

# HEALTH CARE SERVICES REQUEST FORM (PBSP 73_ )

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|

If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty

REQUEST FOR:   MEDICAL ☑   PSYCHIATRY ☐   MENTAL HEALTH ☐   DENTAL ☐   PHARMACY ☐

NAME: williams     CDC #: K-20769     HOUSING: D-1  110

PHARMACY REFILL # _____ *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE.  (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM)

I'm still suffering from headaches, earaches, and periodical dizziness and blurred vision in my left eye as a result of the excessive force used against me last month.

PATIENT'S SIGNATURE: Williams     DATE: 9-21-06

## PART II:  TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA

Date & Time Received: 9/22/06  730     Received by: [signature]

Reviewed by RN/RDA, Date: 9/22/06  Time: 1045  Signature: [signature]   Triage Designation: R

S:

O:     T:     P:     R:     BP:     WEIGHT:

SEE EMR

A:

P:

|  | Signature/Date/Time: [signature] 9/22/06, 1230 |
|---|---|

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (immediately) | URGENT ☐ (within 24 hours) | ROUTINE ☑ (within 14 calendar days) |
|---|---|---|---|

REFERRED TO PCP: YES     DATE OF APPOINTMENT: 10/4/06

JOSE DANEY     [signature] RN     9/22/06  1230
Print/Stamp Name     Signature/Title     Date & Time Completed

### COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF

1. ☐ Visit was for an emergency
2. ☐ Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR)
3. ☐ Visit was for mental health services
4. ☐ Visit was a follow-up requested by the clinician.
5. ☐ Visit was for State mandated evaluation or treatment (e.g., Annual TB tests)
6. ☐ Visit was for  reception screening and evaluation only
7. ☐ Visit is NOT exempt from co-payment.  Send PINK copy to Inmate Trust Office.

DISTRIBUTION:
ORIGINAL–Unit Health Record     YELLOW - Pharmacy     PINK - Inmate Trust     GOLDENROD – Inmate/Patient
PBSP 7362 (Rev. 7/03)

| Name: | CDC#: | Housing: | Institution: |
|---|---|---|---|

Visit Start Dt/Tm: 09-22-2006 1427    Encounter    e:  SICK CALL

Visit Reason:  7362 NURSING EVALUATION

## Subjective

**Entry Date:** 09-22-2006 1429                    **Entered By:** MPIMSJMB , BALES, RN

**Updated Date:** 09-22-2006 1432                **Updated By:** MPIMSJMB , BALES, RN

I/P via 7362 stated, " I'm still suffering from headaches, earaches, and periodical dizziness and blurred vision in my left eye as a result of the excessive force used against me last month." During pod front interview, I/P stated the same information with some clarifications. I/P said, " I am having this headache at my left eye. It throbs and I feel dizzy sometimes. I also experience blurring of vision. It's not daily. It's on and off. Sometimes I won't have it for 1-2 days. They used excessive force last month and they hit me at the back of my head and from then on I am having this headaches, and throbbing."

## Objective

### Other

**Name:** 7362 assessment

**Provider:** BALES, RN , JOSE                                        **Other Dt/Tm:** 09-22-2006 1432

**Notes:**



| | |
|---|---|
| **PHYSICIAN'S PROGRESS NOTES** | **CDC #:** K33769 |
| | **Name(L.F.M.S):**  WILLIAMS, ISAIAH |

CDC 7230

STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS

**Plan**

| | | |
|---|---|---|
| **Provider:** BALES, RN , JOSE | **Plan Dt/Tm:** 09-22-2006 1434 | **Completed By:** |
| **Completed Dt/Tm:** | **Patient Education:** N | **Phone Order Status:** NONE |
| **Entry Date:** 09-22-2006 1434 | **Entered By:** MPIMSJMB, BALES, RN | |

1. Altered comfort related to presence of headaches, earaches.
2. I/P will be scheduled to see the PCP for diagnosis and treatment.
3. I/P expressed understanding and acceptance with above plan.

**Order**



| | |
|---|---|
| | **CDC #:** K33769 |
| **PHYSICIAN'S PROGRESS NOTES** | **Name(L.F.M.S):** WILLIAMS, ISAIAH |
| CDC 7230 | |
| STATE OF CALIFORNIA      DEPARTMENT OF CORRECTIONS | |

Visit Start Dt/Tm: 10-25-2006 0800   Encounter   'e:  SPECIALTY CLINIC

Visit Reason:  SPC 14D POST SPC

## Subjective

Entry Date: 10-25-2006 1210                    Entered By: MPIMSSER , RISENHOOVER, FNP

Updated Date: 10-25-2006 1245                 Updated By: MPIMSSER , RISENHOOVER, FNP

pt here f/u ct head completed 10/6/06 it was ordered because of the incident thing being hit by the block thing end of august 2006 i got hit in the head, the h/a's periodic dizziness blurred vision in my left eye is from that incident, the left ear like wierd ear aches starts hurting/throbbing last time was yesterday i got wierd pain center of forehead at the same time i got the ear ache, my right eye keeps getting blurry vison sometimes the vision is alright and sometimes i get blurry vision last happened monday watching football, i wear glasses but i don't know what for because everytime i get a new test the rx is different."
pt states i am suppose to be reassigned to PT or orthopedic doctor to be referred to pt for my left shldr it pops when i move it, i have been there before i had surgery on it and it was unrepairable he said the only thing was pt, i put req on medical form to be referred to pt. last time you gave me neosp for the dry lips."
pt states i want to be chked for dm"
pt states it was a block fight"



|  |  |
| --- | --- |
| **PHYSICIAN'S PROGRESS NOTES** | CDC #:  K33769 |
|  | Name(L.F.M.S):   WILLIAMS, ISAIAH |

'230
OF CALIFORNIA        DEPARTMENT OF CORRECTIONS

| | | |
|---|---|---|
| **Provider:** RISENHOOVER, FNP , SUE | **Plan Dt/Tm:** 10-25-2006 1247 | **Completed By:** RISENHOOVER, FNP , SUE |
| **Completed Dt/Tm:** 10-25-2006 1246 | **Patient Education:** Y | **Phone Order Status:** NONE |

**Entry Date:** 10-25-2006 1239       **Entered By:** MPIMSSER, RISENHOOVER, FNP

A: 1. f/u ct head completed 10/6/06
  2. f/u incident 8/06 block gun contusions back/left upper arm,left post scalp
  3. c/o h/a's, left ear discomfort,dizziness s/p incident w/o improvmt
  4. pt req tinted glasses

1. review mpims
2. review ct results w/pt 10/6/06 w/impres: neg ct study of the head no acute process
3. refer to optometry vision check snellen 20/70 rigth  20/50 left eye
4. review mar  almacone and naprosyn avail until 12/06
5. pt states i told you i use the mylanta and naprosyn once in a while"
6. refer pt to pt for right shldr   ((M) filled out
7. rtc 30 dys f/u referral pt
8. avoid strenuous exerc w/lft shldr, apply warm moist heat to post left scalp
9. refer pt req for tinted glasses, Dr Cochrane cons  1/05 to Dr Sayre pt req tinted glasses
10.review Dr Cochrane cons w/pt 1/05
11. review PT left shldr cons 3/05, 2/04
12. sm amt neosp oint given to pt to apply to healing contusions back, and to discomfort lips   avoid licking lips, chewing on lips notify rn/mta prob/conc increase water avoid caffeine etoh
13. fasting compre  pt req



| | |
|---|---|
| **PHYSICIAN'S PROGRESS NOTES** | **CDC #:** K33769 |
| | **Name(L.F.M.S):**  WILLIAMS, ISAIAH |

230
OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES REQUEST FORM (PBSP)

**PART I: TO BE COMPLETED BY THE PATIENT**

If you believe this to be an urgent/emergent health care need contact the correctional officer on duty

REQUEST FOR:   MEDICAL ☑   PSYCHIATRY ☐   MENTAL HEALTH ☐   DENTAL ☐   PHARMACY ☑

NAME: Williams          CDC #: K-33769          HOUSING: D-1  110

PHARMACY REFILL # Medication          *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE. (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM) Also: 1) I'm still experiencing headaches, earaches, ect. as well as back pain due to the excessive force used against me on Aug. 16th 2006. 2) I'm still experiencing sinus and throat problems, eventhough I was seen and medicated for the flu a few weeks ago. 3) My medication still hasn't been fixed per my request (several)

PATIENT'S SIGNATURE: Williams          DATE: 12-3-06

**PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA**

Date & Time Received: 12/04/06 @ 0735          Received by: Flowers

Reviewed by RN/RDA, Date: 12/04/06 Time: 1012   Signature: Flowers   Triage Designation:

S:

O:     T:     P:     R:     BP:     WEIGHT:

DUPLICATE REQUEST ALREADY SCHEDULED FOR F/U. 12/11/06

A:

P:

Signature/Date/Time: Flowers, R.N. 12/04/06 @ 420

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (immediately) | URGENT ☐ (within 24 hours) | ROUTINE ☐ (within 14 calendar days) |
|---|---|---|---|

REFERRED TO PCP:          DATE OF APPOINTMENT: 12/11/06

J. FLOWER          Flowers, R.N.          12/04/06 @ 420
Print/Stamp Name          Signature/Title          Date & Time Completed

## COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF

1. ☐ Visit was for an emergency
2. ☐ Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR)
3. ☐ Visit was for mental health services
4. ☐ Visit was a follow-up requested by the clinician.
5. ☐ Visit was for State mandated evaluation or treatment (e.g., Annual TB tests)
6. ☐ Visit was for reception screening and evaluation only
7. ☐ Visit is NOT exempt from co-payment. Send PINK copy to Inmate Trust Office.

DISTRIBUTION:
ORIGINAL-Unit Health Record     YELLOW - Pharmacy     PINK - Inmate Trust     GOLDENROD – Inmate/Patient
BSP 7362 (Rev. 7/03)

Name:          CDC#:          Housing:          Institution:

# HEALTH CARE SERVICES REQUEST FORM (PBSP 73  )

**PART I: TO BE COMPLETED BY THE PATIENT**

If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty

REQUEST FOR:   MEDICAL ☑   PSYCHIATRY ☐   MENTAL HEALTH ☐   DENTAL ☑   PHARMACY ☐

NAME: Williams    CDC #: K-33769    HOUSING: C-8  218

PHARMACY REFILL #    *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE. (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM) ① I am still suffering from headaches and lower back pain stemming from an excessive force incident. ② My shoulder continues to get worse and I still haven't seen the orthopedic doctor. ③ I have a loose bone/object in my big toe that is causing me pain. ④ I am suffering from dry irritated eyes and would like eyedrops again ⑤ It has been over 11 years since my last dental checkup, I would like a dental exam and teeth cleaning ⑥ I would like my glasses prescription filled.

PATIENT'S SIGNATURE: ___    DATE: 3-12-07

**PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA**

Date & Time Received: 3-13-07 0715    Received by: L Gavin RN

Reviewed by RN/RDA, Date 3-13-07 Time: 0730   Signature: L Gavin RN   Triage Designation: Routine

S:

O:   T:   P:   R:   BP:   WEIGHT:

A:

P:

Signature/Date/Time: L Gavin RN / 3-13-07 1035

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (immediately) | URGENT ☐ (within 24 hours) | ROUTINE ☑ (within 14 calendar days) |
|---|---|---|---|

REFERRED TO PCP: N/A    DATE OF APPOINTMENT:

L Gavin    L Gavin RN    3-13-07 1040
Print/Stamp Name    Signature/Title    Date & Time Completed

**COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF**

1. ☐ Visit was for an emergency
2. ☐ Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR)
3. ☐ Visit was for mental health services
4. ☐ Visit was a follow-up requested by the clinician.
5. ☐ Visit was for State mandated evaluation or treatment (e.g., Annual TB tests)
6. ☐ Visit was for reception screening and evaluation only
7. ☐ Visit is NOT exempt from co-payment. Send PINK copy to Inmate Trust Office.

N/C

DISTRIBUTION:
ORIGINAL-Unit Health Record    YELLOW - Pharmacy    PINK - Inmate Trust    GOLDENROD – Inmate/Patient
PBSP 7362 (Rev. 7/03)

| Name: | CDC#: | Housing: | Institution: |
|---|---|---|---|

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-8

**Plan**

| | | |
|---|---|---|
| Provider: GAVIN, RN , LINDA | Plan Dt/Tm: 03-13-2007 1026 | Completed By: |
| Completed Dt/Tm: | Patient Education: N | Phone Order Status: NONE |
| Entry Date: 03-13-2007 1026 | Entered By: MPIMSLCG, GAVIN, RN | |

NURSING DIAGNOSIS: PROB. MANIPULATION OF MEDICAL R/T C/O VS SX. FOUND

RN ended interview when patient started to curse at her. No F/U will be scheduled at this time as pt is no acute distress and no sx. found.

**Order**



| | |
|---|---|
| **PHYSICIAN'S PROGRESS NOTES** | **CDC #:** K33769 |
| | **Name(L.F.M.S):** WILLIAMS, ISAIAH |
| CDC 7230<br>STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS | |

EXHIBIT "G"



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

October 24, 2006

Re: Request for Legal Assistance

Dear Sir or Madam:

We received your letter, asking for our help, information, or legal advice. Unfortunately, we cannot help you at this time. We receive many more requests than we can possibly handle. We must choose our cases very carefully to ensure that we use our limited resources in the most efficient way.

This means there are going to be many cases that have merit that we cannot pursue, and cases in which we cannot provide requested information or advice. This is unfortunate but necessary, given the large number of cases and requests we handle. We do not like the fact that we can't help everyone who writes. Please understand that our decision not to help does not necessarily mean that you do not have a real problem or worthy case. It is just that we can't help everybody who writes.

To help you determine whether your case is worth pursuing on your own, we have enclosed any self-help material that is relevant to your problem. If no material is enclosed, we do not have any helpful information. You may be able to find useful information in the <u>California State Prisoners' Handbook</u> (3rd Edition) published in 2001. Ask for the Handbook in the prison law library. If you want information on how to order a copy of the Handbook, write to us.

We are sorry that we cannot help you. We hope that in the future we will be able to expand our services to help more prisoners throughout California.

Sincerely,

Prison Law Office

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christine Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Zoe Schonfeld
E. Ivan Trujillo

October 6, 2006

Re:  Request for Legal Assistance

Dear Sir or Madam:

We received your letter, asking for our help, information, or legal advice. Unfortunately, we cannot help you at this time. We receive many more requests than we can possibly handle. We must choose our cases very carefully to ensure that we use our limited resources in the most efficient way.

This means there are going to be many cases that have merit that we cannot pursue, and cases in which we cannot provide requested information or advice. This is unfortunate but necessary, given the large number of cases and requests we handle. We do not like the fact that we can't help everyone who writes. Please understand that our decision not to help does not necessarily mean that you do not have a real problem or worthy case. It is just that we can't help everybody who writes.

To help you determine whether your case is worth pursuing on your own, we have enclosed any self-help material that is relevant to your problem. If no material is enclosed, we do not have any helpful information. You may be able to find useful information in the California State Prisoners' Handbook (3rd Edition) published in 2001. Ask for the Handbook in the prison law library. If you want information on how to order a copy of the Handbook, write to us.

We are sorry that we cannot help you. We hope that in the future we will be able to expand our services to help more prisoners throughout California.

Sincerely,

Prison Law Office

Board of Directors
Marshal Krause, President • Michele WalkinHawk, Vice President
Honorable John Burton • Penelope Cooper • Felecia Gaston • Christine Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts