IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH N. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>D. WILLIAMS,<br><br>    Defendant.                         / | No. C 07-04464 CW (PR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff requests the appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his

1 claims pro se in light of the complexity of the legal issues
2 involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017
3 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
4 Cir. 1986). Both of these factors must be viewed together before
5 reaching a decision on a request for counsel under § 1915. See id.

6     The Court is unable to assess at this time whether exceptional
7 circumstances exist which would warrant seeking volunteer counsel
8 to accept a pro bono appointment. The proceedings are at an early
9 stage and it is premature for the Court to determine Plaintiff's
10 likelihood of success on the merits. Moreover, Plaintiff has been
11 able to articulate his claims adequately pro se in light of the
12 complexity of the issues involved. See Agyeman v. Corrections
13 Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).
14 Accordingly, the request for appointment of counsel at this time is
15 DENIED. This does not mean, however, that the Court will not
16 consider appointment of counsel at a later juncture in the
17 proceedings, that is, after Defendants have filed their dispositive
18 motion and the Court has a better understanding of the procedural
19 and substantive matters at issue. Therefore, Plaintiff may file a
20 renewed motion for the appointment of counsel after Defendants'
21 dispositive motion has been filed. If the Court decides that
22 appointment of counsel is warranted at that time, then it can seek
23 volunteer counsel to agree to represent Plaintiff pro bono.
24     This Order terminates Docket no. 2.
25     IT IS SO ORDERED.
26
Dated: 11/5/07
27                                       CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISAIAH N WILLIAMS,

   Plaintiff,

v.

D WILLIAMS et al,

   Defendant.

              /

Case Number: CV07-04464 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 5, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isaiah Noel Williams K-33769
Pelican Bay State Prison
P.O. Box 7000
5905 Lake Earl Drive
Crescent City, CA 95531

Dated: November 5, 2007

         Richard W. Wieking, Clerk
         By: Lisa R. Clark, Deputy Clerk