| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| ISAIAH N. WILLIAMS, | No. C 07-04464 CW (PR) |
| Plaintiff, | ORDER OF SERVICE |
| v. | |
| D. WILLIAMS, | |
| Defendant. | |

Plaintiff Isaiah N. Williams, a state prisoner, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations while incarcerated at Pelican Bay State Prison (PBSP). He has been granted leave to proceed in forma pauperis. Plaintiff has also submitted a motion for consideration and a motion to include supporting declarations.

Venue is proper in this district because the events giving rise to the action occurred at PBSP, which is located in this district. See 28 U.S.C. § 1371(b).

BACKGROUND

Plaintiff alleges that Defendant PBSP Correctional Officer D. Williams violated his constitutional rights. Specifically, Plaintiff claims that on August 12, 2006, Defendant Williams searched his cell at PBSP's Security Housing Unit and threw away several of his school books. Plaintiff confronted Defendant Williams about the search being "excessive" and informed her that he "would be filing a grievance against her." (Compl. at 3B.) Plaintiff claims that Defendant Williams "became even more angry" and said, "We can play this any way you want." (Id.) She then

turned back to Plaintiff and asked, "Aren't you up for inactive?" (Id.) Plaintiff claims that Defendant Williams "sneered" when she asked him that question. According to Plaintiff, being inactive "refers to the current policy of giving validated inmates the opportunity of earning their way to general population by staying out of trouble for six months . . . ." (Id.) Plaintiff claims that based on his "understanding of the defendant's statements," she was "threatening to create a situation that would be used to deny [him] inactive status as retaliation for the confrontation and the fact that [he] intended to file a grievance against her." (Id. at 3B-3C.)

On August 16, 2006, Defendant Williams was working as the control booth operator, whose duties also included acting as the "gunner." (Id. at 3C.) Plaintiff claims that during his tier's shower day, Defendant Williams created a violent confrontation between himself and an African American inmate, especially in light of the fact that "it is widely known by correctional officers that there is a story of assaultive behavior between black and white inmates." (Id.) Plaintiff states that instead of opening the cell door of the African American inmate who had just exited the shower, Plaintiff's cell door was opened. Thus, Plaintiff states, "the defendant, know the history, acted with reckless disregard for my and another inmate's safety when she deliberately openned [sic] my cell door intentionally setting up a fight between myself and the above mentioned inmate, therebye [sic] giving her the ability to use her position as gunner to deliberately and wantonly target and shoot me in retaliation for our previous conversation." (Id. at 3C-3D.) A fight then ensued between Plaintiff and the African

2

America inmate, named Powell. (Pl.'s Ex. A, Rules Violation Report dated Sept. 3, 2006, Part C at 1.) Plaintiff claims Defendant Williams then shot him four times with "forty millimeter (40 mm.) exact impact rounds in the back, head and arm." (Id. at 3D.) Plaintiff and inmate Powell continued to fight. (Pl.'s Ex. A, Rules Violation Report dated Aug. 19, 2006.) Prison officials used pepper spray on Plaintiff and inmate Powell, and the fighting stopped. (Id.) Both inmates were placed in mechanical restraints, decontaminated and re-housed. (Id.) Plaintiff claims that because of this incident, he suffered from "headaches, earaches, lower back pain, and numbness in [his] head and legs." (Id. at 3G.)

Plaintiff was issued a Rules Violation Report for battery on a prisoner with no serious injury. (Pl.'s Ex. A, Rules Violation Report dated Sept. 3, 2006, Part C at 2.) During a hearing on September 3, 2006, he was found guilty of the charge and assessed a ninety-day credit forfeiture. (Id.)

Plaintiff claims that he was not given the opportunity to attend his September 3, 2006 hearing. He claims that on September 11, 2006, he received his "disposition report" stating that on September 3, 2006, he "refused to attend [his] CDC 115 hearing and to sign a 128-B refusal slip [and] . . . that the defendant and the control both [sic] operator were witnesses to [his] supposed refusals." (Compl. at 3E.) Plaintiff denies this, stating: "In no way, shape or form did the defendant ask me if I wanted to attend a CDC-115 hearing, nor whether I was willing to sign the above-mentioned CDC 128-B refusal slip . . . " (Id.) Plaintiff claims that the only time he spoke to Defendant Williams about his disciplinary hearing was on September 3, 2006, while she was

3

picking up his dinner tray. Plaintiff states Defendant Williams asked him, "Have you gone to your CDC 115 hearing yet?" (Id.) He replied that he had not. Defendant Williams then asked him, "Do you have anything . . . you want to say to me?" (Id.) Plaintiff states, "I ignored the defendant's attemp [sic] to goad me into another confrontation and walked to the back of my cell without saying anything." (Id.)

Plaintiff alleges he has exhausted his administrative remedies as to all his claims. He seeks injunctive relief and monetary damages.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

4

II. Legal Claims

   A.   Eighth Amendment Claim

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. See Farmer, 511 U.S. at 834. Deliberate indifference occurs when an official knows of and disregards an excessive risk to inmate health or safety. See id. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. Neither negligence nor gross negligence are sufficient to constitute deliberate indifference. See id. at 835-36 & n.4; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence).

Liberally construing the allegations in the complaint, the Court finds that Plaintiff has stated a cognizable Eighth Amendment claim against Defendant Williams.

   B.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To prove retaliation, a plaintiff must show that the defendants took adverse action against him or her that "would chill or silence a person of ordinary firmness from future First Amendment activities." White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)).

Plaintiff alleges that Defendant Williams retaliated against him because he intended to file an inmate grievance against her for the "excessive" cell search on August 12, 2006. Specifically, Plaintiff argues that a retaliatory motive can be inferred against Defendant Williams because a few days after the cell search, the August 16, 2006 incident took place. Plaintiff claims Defendant Williams orchestrated the assault in retaliation for the grievance he intended to file against her. Liberally construed, Plaintiff's allegations state a cognizable retaliation claim against Defendant Williams.

C. Claims Related to Plaintiff's September 3, 2006 Hearing

Plaintiff asserts that he was found guilty of battery on a prisoner with no serious injury -- stemming from the August 16, 2006 incident -- without being present at the September 3, 2006 hearing, in violation of his due process and equal protection rights. Based on the guilty finding, Plaintiff was assessed a ninety-day credit forfeiture.

1. Due Process Claim

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. at 564-7. Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Plaintiff alleges that Defendant Williams prevented him from being present at his September 3, 2006 disciplinary hearing by falsifying a CDC Form 128-B and informing the hearing officer that Plaintiff refused to attend the hearing. Liberally construed, the allegations in the complaint state a cognizable due process claims against Defendant Williams.

2. Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

7

essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. See Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). A plaintiff must demonstrate that state actors "acted with the intent to discriminate." Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir. 1991).

Plaintiff does not allege that he was found guilty of the battery because of his race. In the body of the complaint, his allegations of racial discrimination are conclusory and ambiguous. Thus, the Court finds that Plaintiff has not stated a cognizable equal protection claim.

Accordingly, Plaintiff's equal protection claim against Defendant Williams is DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated cognizable Eighth Amendment, retaliation and due process claims against Defendant Williams.

2. Plaintiff's equal protection claim against Defendant Williams is DISMISSED for failure to state a claim.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to Defendant Former

8

<u>PBSP Correctional Officer D. Williams at the Richard J. Donovan Correctional Facility in San Diego, California</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for Defendant's failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

9

5. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than <u>thirty (30) days</u> from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than <u>thirty (30) days</u> after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If

> you do not submit your own evidence in opposition,
> summary judgment, if appropriate, may be entered against
> you. If summary judgment is granted [in favor of the
> defendants], your case will be dismissed and there will
> be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. If Defendant wishes to file a reply brief, Defendant shall do so no later than <u>fifteen (15) days</u> after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

10. Plaintiff's motion for consideration (docket no. 24), which is construed as motion to screen the complaint, is GRANTED. His motion to include supporting declarations (docket no. 25), including declarations from five inmates regarding the August 16, 2006 incident, is also GRANTED.

11. This Order terminates Docket nos. 24 and 25.

IT IS SO ORDERED.

Dated: 1/21/10

*[signature: Claudia Wilken]*
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA | |
| ISAIAH N WILLIAMS,<br><br>          Plaintiff,<br><br>  v.<br><br>D WILLIAMS et al,<br><br>          Defendant. | Case Number: CV07-04464 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isaiah Noel Williams K-33769
Pelican Bay State Prison
P.O. Box 7000
5905 Lake Earl Drive
Crescent City, CA 95531

Dated: January 21, 2010

                                  Richard W. Wieking, Clerk
                                  By: Sheilah Cahill, Deputy Clerk