IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISAIAH N. WILLIAMS,

               Plaintiff,

   v.

D. WILLIAMS,

               Defendant.

_____/

No. C 07-04464 CW (PR)

ORDER (1) GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
DISCOVERY MOTION; (2) REFERRING
DISCOVERY MATTER TO MAGISTRATE
JUDGE; (3) GRANTING PLAINTIFF'S
STAY MOTION; (4) DENYING
PLAINTIFF'S MOTION FOR APPOINTMENT
OF COUNSEL; AND (5) SETTING NEW
BRIEFING SCHEDULE

BACKGROUND

Plaintiff Isaiah N. Williams, a state prisoner, has filed a
pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging
constitutional rights violations while incarcerated at Pelican Bay
State Prison (PBSP).

In a January 21, 2010 Order, the Court found that Plaintiff's
allegations stated cognizable Eighth Amendment, retaliation and due
process claims against Defendant.  The Court dismissed Plaintiff's
equal protection cause of action for failure to state a claim.  The
Court characterized Plaintiff's Eighth Amendment claim as one of
deliberate indifference to safety.  The Court inadvertently failed
to mention Plaintiff's allegations of excessive force as part of
his Eighth Amendment claim.

On March 24, 2010, Defendant filed her answer to the
complaint, in which she denied, among other things, that she used
excessive force.  (Answer at 3.)

On June 10, 2010, Plaintiff filed a "Motion for Appointment of
Counsel, Motion for Temporary Appointment of Counsel, Motion for
Postponement of Deposition" (docket no. 39).

United States District Court
For the Northern District of California

On June 30, 2010, Defendant filed a motion for summary judgment as to the claims of deliberate indifference to safety, retaliation and due process on the grounds that: (1) she was not deliberately indifferent to Plaintiff's safety; (2) she did not retaliate against Plaintiff for exercising his rights; (3) she did not prevent his presence at the disciplinary hearing; and (4) she is entitled to qualified immunity.  (Mot. Summ. for J. at 3.)

Perhaps because the Court failed to mention excessive force as part of Plaintiff's cognizable Eighth Amendment claim, Defendant did not specifically move on that theory.  Therefore, Defendant may file a supplement to the motion for summary judgment if she believes the excessive force claim can be resolved by summary judgment.

On September 23, 2010, Plaintiff filed a "Motion for an Order Compelling Discovery" (docket no. 51).  Plaintiff also filed a "Motion for Stay Summary Judgment and/or to Delay/Extend Deadline for Plaintiff's Response to Defendant's Motion for Summary Judgment" (docket no. 50).  On October 19, 2010, Defendant filed an opposition to Plaintiff's motions.

Having read and considered the papers submitted by the parties, the Court:

1.   DENIES in part and GRANTS in part Plaintiff's discovery motion (docket no. 50);

2.   refers the discovery matter below to Magistrate Judge Laurel Beeler of the Oakland Division of this Court; and orders Defendant (a) to submit to Magistrate Judge Beeler for an _in_ _camera_ review answers to certain interrogatories and document requests and (b) to provide Plaintiff with answers to other interrogatories and

United States District Court

For the Northern District of California

document requests, as directed below;

  3. GRANTS Plaintiff's stay motion (docket no. 51);

  4. DENIES Plaintiff's motion for appointment of counsel (docket no. 39); and

  5. directs the parties to abide by the briefing schedule outlined below.

DISCUSSION

I. Plaintiff's Discovery and Stay Motions

  A. Evidence Pertaining to the Excessive Force Claim

  In the following discovery requests, Plaintiff appears to be seeking Defendant's personnel file:

Document Requests

(2) Any and all documents in the Defendant's personnel file pertaining to any reprimands for misbehavior, suits against her, complaints made against her by staff or inmates, or anything that could be deemed relevant to the allegations made by the Plaintiff in this case.

(7) Any and all documents of similar control booth operator's shooting that the Defendant has been involved in during her time as a correctional officer.

  Plaintiff has also requested answers to following interrogatories:

Interrogatories

(1) Has the defendant ever threatened or been accused of threatening an inmate in any way while working as a correctional officer?

(2) What did the defendant mean and what was her intent when she told the plaintiff on August 12, 2006: "we can play this any way you want."  And "Aren't you up for inactive"?

(5) To the defendant's knowledge, what relationship exists between white and black inmates?  Does she agree that these two groups have a history of

United States District Court
For the Northern District of California

3

violence between each other.

(8)  Why did the defendant, after shooting the plaintiff the first time, ignore orders by the ground level officers to open the section door, which would allow them to quell the incident with less harmful force, and instead reload her weapon (3) additional times and shoot the plaintiff?

(9)  How many shooting has the defendant been involved in while acting as the control booth operator? Of these incidents, how many was the defendant the sole control booth operater [sic]?  Were any complaints made against the defendant for any of these incidents?

(10) Has the defendant ever intentionally or been accused of intentionally setting up an altercation of any kind between inmates while working as a correctional officer?

(11) Has the defendant ever retaliated or been accused of retaliation of any kind while working as a correction officer?

(12) On September 3, 2006 did the defendant, instead of doing her duty and asking the plaintiff if he would like to attend his 115 hearing, ask the plaintiff "Have you gone to your 115 hearing yet?", and when plaintiff stated: "No", did the defendant ask him: "Do you have anything you want to say to me"?

(13) On September 3, 2006 did the defendant tell correctional officer M. Potter that the plaintiff refused to attend his 115 hearing and that he refused to sign the refusal form?

Portions of Defendant's personnel file and answers to the interrogatories above may be relevant to Plaintiff's excessive force claim; therefore, the discovery requests listed above are GRANTED in part.  The Court directs Defendant to submit for in camera review all excessive force complaints against Defendant within the last five years and the answers to the interrogatories above.  The response shall be produced to Magistrate Judge Beeler, to whom this discovery matter is referred.  Magistrate Judge Beeler will then weigh the privilege asserted by Defendant against

4

Plaintiff's interest in having access to the personnel file as well as the answers to the interrogatories above.  See Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987).

In the following discovery requests, Plaintiff appears to be seeking information and documents relating to PBSP's rules and procedures:

Interrogatories

(3)   What were the procedures on August 16, 2006
      regarding the Control Booth operator's duties
      involving inmate movement?

(4)   What were the acceptable methods available to
      control Booth operators on and up to August 16,
      2006; e.g. cups used to cover the release button/
      cell button of inmate cells, which were used by
      correctional officers while doing their duties?
      What were the methods used by the defendant on and
      up to August 16, 2006?

(6)   What were the procedures for use of force by a
      correctional officer during an incident
      particularly by a control Booth operator, on and up
      to August 16, 2006?

Document Request

(4)   Any and all documents pertaining to the rules and
      procedures, as well as acceptable methods used by
      control Booth Operators regarding inmate movement
      and use of force.

The Court GRANTS these discovery requests.  However, Defendant's answers to the interrogatories and the document request above shall be produced for in camera review by Magistrate Judge Beeler due to Defendant's security concerns.

The Court construes the following discovery requests as an inquiry relating to potential witnesses to the events:

Interrogatory

(15) State the name and address or otherwise identify
     and locate any person, who to the defendant's or
     her attorney's knowledge, claims to know of facts

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

relevant to the conduct or events described in this case.

Document Request

(3)   Identify and attach a copy of any and all documents showing who was on duty in D-Facility 1-Block at the time of the incidents indicated herein, as well as a list of responding staff to the incident of August 16, 2006.

The Court GRANTS these discovery requests and directs Defendant to provide Plaintiff with the answer to the interrogatory and document request above.

The Court construes the following discovery request as inquiring whether Defendant has incident reports that have not been provided to Plaintiff:

Document Request

(1)   Any and all documents obtained regarding this case that were not served upon the defendant by Plaintiff.

The Court GRANTS this discovery request and directs the Defendant to provide Plaintiff with copies of any incident reports relating to this incident.

B.   Documents Already Provided to Plaintiff and Discovery Calling for a Legal Conclusion

Defendant's counsel provided Plaintiff with a copy of Operational Procedure No. 222, Security Housing Unit, Paragraph I, pertaining to Cell Searches.  Defendant's counsel also explained to Plaintiff that Title 15, Section 3320 describes the California Department of Corrections and Rehabilitation rules for disciplinary hearings.  (Id.)  Therefore, the following discovery requests are DENIED because they have been satisfied:

Interrogatory

(14) Does an inmate have a right to attend a 115 hearing

**United States District Court**
For the Northern District of California

irregardless of whether or not he is guilty of the charges?

Document Requests

(5)  Any and all documents pertaining to the rules and procedures governing the inmate's ability to attend a disciplinary (115) hearing, including staffs duty to inform of the hearing etc. as it pertains to this case;

(6)  Any and all documents pertaining to the rules and procedures regarding the search of an inmates cell by correctional officers.

Finally, the following discovery request calls for a legal conclusion:

Interrogatory

(7)  Is it true that correctional officers are only allowed to use the minimum amount of force necessary to quell an incident?

Accordingly, this discovery request is also DENIED.

II.  Plaintiff's Request for Appointment of Counsel

Plaintiff has filed multiple motions for appointment of counsel.  His previous requests have been denied.  For the reasons stated in the Court's previous denials, his present motion for appointment of counsel (docket no. 39) is DENIED.

In addition, Plaintiff also requests temporary appointment of counsel at his deposition as well as a "postponement" of his deposition "until Plaintiff has time to confer with counsel." (Pl's Mot. for Appt. of Counsel at 2.)  Plaintiff's deposition was taken on June 11, 2010; therefore, his requests are DENIED as moot.

CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Plaintiff's "Motion for an Order Compelling Discovery" (docket no. 51) is GRANTED in part and DENIED in part.

7

United States District Court
For the Northern District of California

2.   Plaintiff's "Motion for Stay Summary Judgment and/or to Delay/Extend Deadline for Plaintiff's Response to Defendant's Motion for Summary Judgment" (docket no. 50) is GRANTED.

3.   The discovery matter in this action is referred to Magistrate Judge Laurel Beeler.  No later than fourteen (14) days from the date of this Order, Defendant is directed to submit for Magistrate Judge Beeler's <u>in camera</u> review:

a.   all excessive force complaints against Defendant within the last five years (document requests (2) and (7));

b.   answers to interrogatories (1), (2), (3), (4), (5), (6), (8), (9), (10), (11), (12) and (13); and

c.   PBSP's rules and procedures regarding control booth operator duties and use of force policy (document request (4)).

4.   No later than fourteen (14) days from the date of this Order, Defendant is also directed to send Plaintiff:

a.   answers to interrogatory (15); and

b.   copies of incident reports relating to this incident, documents showing who was on duty at the time of the incident, and a list of responding staff (document requests (1) and (3)).

5.   All remaining discovery requests, including interrogatories (7) and (14) and document requests (5) and (6), are DENIED.

6.   Plaintiff's "Motion for Appointment of Counsel, Motion for Temporary Appointment of Counsel, Motion for Postponement of Deposition" (docket no. 39) is DENIED.

7.   The parties shall abide by the following briefing schedule:

United States District Court
For the Northern District of California

a.   No later than twenty-eight (28) days from the date of this Order, Defendant may file a supplement to her motion for summary judgment if she believes the excessive force claim can be resolved by summary judgment.  If Defendant is of the opinion that it cannot be resolved by summary judgment, Defendant shall so inform the Court as soon as possible, but no later than the date the supplement to the motion for summary judgment is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the motion for summary judgment and any supplemental motion shall be filed with the Court and served on Defendant no later than twenty-eight (28) days after the date on which Defendant files her supplemental motion or gives notice that she does not intend to file a supplemental motion.

c.   If Defendant wishes to file a reply brief, she shall do so no later than fourteen (14) days after the date Plaintiff's opposition is filed.

d.   The motion for summary judgment shall be deemed submitted as of the date the reply brief is due.

8.   The Clerk of the Court shall provide a copy of this Order to Magistrate Judge Beeler.

9.   This Order terminates Docket nos. 39, 50 and 51.

IT IS SO ORDERED.

Dated: 12/9/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISAIAH N WILLIAMS,

               Plaintiff,

   v.

D WILLIAMS et al,

               Defendant.
_____/

Case Number: CV07-04464 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isaiah Noel Williams K-33769
Pelican Bay State Prison
P.O. Box 7000
5905 Lake Earl Drive
Crescent City,  CA 95531

Dated: December 9, 2010

                              Richard W. Wieking, Clerk
                              By: Nikki Riley, Deputy Clerk

cc:  LB

**United States District Court**
For the Northern District of California