IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH N. WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>D. WILLIAMS,<br><br>        Defendant.<br>_____/ | No. C 07-04464 CW (PR)<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL MOTION; AND SETTING NEW BRIEFING SCHEDULE |

BACKGROUND

The following background has been taken from the Court's December 9, 2010 Order:

> Plaintiff Isaiah N. Williams, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations while incarcerated at Pelican Bay State Prison (PBSP).
>
> In a January 21, 2010 Order, the Court found that Plaintiff's allegations stated cognizable Eighth Amendment, retaliation and due process claims against Defendant.  The Court dismissed Plaintiff's equal protection cause of action for failure to state a claim. The Court characterized Plaintiff's Eighth Amendment claim as one of deliberate indifference to safety.  The Court inadvertently failed to mention Plaintiff's allegations of excessive force as part of his Eighth Amendment claim.
>
> On March 24, 2010, Defendant filed her answer to the complaint, in which she denied, among other things, that she used excessive force.  (Answer at 3.)
>
> On June 10, 2010, Plaintiff filed a "Motion for Appointment of Counsel, Motion for Temporary Appointment of Counsel, Motion for Postponement of Deposition" (docket no. 39).
>
> On June 30, 2010, Defendant filed a motion for summary judgment as to the claims of deliberate indifference to safety, retaliation and due process on the grounds that: (1) she was not deliberately indifferent to Plaintiff's safety; (2) she did not retaliate against Plaintiff for exercising his rights; (3) she did not prevent his presence at the disciplinary

> hearing; and (4) she is entitled to qualified immunity. (Mot. Summ. for J. at 3.)
>
> Perhaps because the Court failed to mention excessive force as part of Plaintiff's cognizable Eighth Amendment claim, Defendant did not specifically move on that theory. Therefore, Defendant may file a supplement to the motion for summary judgment if she believes the excessive force claim can be resolved by summary judgment.
>
> On September 23, 2010, Plaintiff filed a "Motion for an Order Compelling Discovery" (docket no. 51). Plaintiff also filed a "Motion for Stay Summary Judgment and/or to Delay/Extend Deadline for Plaintiff's Response to Defendant's Motion for Summary Judgment" (docket no. 50). On October 19, 2010, Defendant filed an opposition to Plaintiff's motions.

(Dec. 9, 2010 Order at 1-2.)

In its December 9, 2010 Order, the Court denied in part and granted in part Plaintiff's discovery motion. The discovery matter was referred to Magistrate Judge Laurel Beeler of the Oakland Division of this Court. The Court also granted Plaintiff's stay motion, denied Plaintiff's motion for appointment of counsel, and set a new briefing schedule.

On January 6, 2011, Defendant filed her supplement to her motion for summary judgment, relating to the excessive force claim. Plaintiff's opposition to the supplemental motion as well as the original motion for summary judgment was due on February 3, 2011. To date, it has not been filed.

On January 7, 2011, Magistrate Judge Beeler issued an "Order Re Discovery Submitted for In Camera Review," directing Defendant to "submit a letter brief identifying the privileges and/or objections she is asserting in conjunction with the amended responses and answers she has submitted to this Court for in camera review." (Jan. 7, 2011 Order at 2.) The letter brief was due on

2

January 27, 2011.

On January 18, 2011, Magistrate Judge Beeler granted Defendant an extension of time to file her letter brief.

On January 25, 2011, Defendant filed her letter brief.

On February 23, 2011, Magistrate Judge Beeler issued a "Amended Second Order Re Discovery Submitted for In Camera Review," stating that Defendant "may file another letter brief with specific objections and legal argument no later than March 4, 2011." (Feb. 23, 2011 Order at 8.)

On March 4, 2011, Defendant filed her second letter brief and a proposed "Stipulated Protective Order."

To date, the discovery matter is still pending before Magistrate Judge Beeler. As mentioned above, Plaintiff has not filed an opposition to Defendant's motion for summary judgment because he allegedly has been hampered in the preparation of the opposition as Defendant never responded to his discovery requests, which is the subject of the present discovery matter before Magistrate Judge Beeler. Nor has Plaintiff filed a response to Defendant's supplement to her motion for summary judgment, which the Court assumes is due to the same reason.

## DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F. 2d 1515, 1518 ( 9th Cir. 1987).[1] In particular,

---

[1] Garrett cites Rule 56(f), the subsection in which the provisions pertaining to a party's inability to present facts essential to justify its opposition formerly were set forth; as of

3

Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518.

The Ninth Circuit has made clear that in cases involving pro se prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:

> Under Rule 56(f), the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" Crawford-El v. Britton, 523 U.S. 574, 599, n. 20, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); Harris v. Pate, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence). Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. Klingele, 849 F.2d at 412.

Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004).

The Court has previously found that the information sought by Plaintiff's outstanding discovery requests is relevant to the matters at issue herein, and at least some of Plaintiff's requests

---

December 1, 2010, the applicable provision is Rule 56(d). See Fed. R. Civ. P. 56.

4

appear likely to lead to discovery that would not be fruitless with respect to proof of his Eighth Amendment, retaliation and due process claims.

As noted above, the discovery matter is still pending before Judge Beeler. Consequently, the Court will deny Defendant's motion for summary judgment and supplemental motion (docket nos. 43, 55) without prejudice to Defendant filing a renewed motion for summary judgment once the pending discovery matters have been resolved. See Fed. R. Civ. P. 56(d)(1).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendant's motion for summary judgment and supplemental motion (docket nos. 43, 55) are DENIED without prejudice.

2. The parties shall abide by the following briefing schedule:

 a. No later than seven days after the discovery matter is resolved by Magistrate Judge Beeler, Defendant shall file a notice of renewal of her motion for summary judgment.

 b. Plaintiff's opposition to the renewed motion for summary judgment shall be filed with the Court and served on Defendant no later than thirty days after the date on which Defendant files notice of her renewed motion.

 c. Defendant shall file a reply brief no later than fifteen days after the date Plaintiff's opposition is filed.

 d. The renewed motion for summary judgment shall be deemed submitted as of the date the reply brief is due.

3. The Clerk of the Court shall provide a copy of this Order to Magistrate Judge Beeler.

5

4.   This Order terminates Docket nos. 43 and 55.

IT IS SO ORDERED.

Dated: 3/7/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISAIAH N WILLIAMS,

        Plaintiff,

v.

D WILLIAMS et al,

        Defendant.

Case Number: CV07-04464 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isaiah Noel Williams K-33769
Pelican Bay State Prison
P.O. Box 7000
5905 Lake Earl Drive
Crescent City, CA 95531

Dated: March 7, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

cc: LB