IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH N. WILLIAMS, | No. C 07-4464 CW (PR) |
| Plaintiff, | ORDER (1)GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION REGARDING DISCOVERY AND BRIEFING MATTERS;(2)SETTING DISCOVERY AND BRIEFING SCHEDULES |
| v. | |
| D. WILLIAMS, | |
| Defendant. | |

## BACKGROUND

Plaintiff Isaiah N. Williams, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations while incarcerated at Pelican Bay State Prison (PBSP).

Now pending before the Court is Plaintiff's recently-filed motion concerning the completion of discovery and the briefing of Defendant's renewed motion for summary judgment.

A.   Discovery Proceedings

In the instant action, Plaintiff raises claims of deliberate indifference to safety, retaliation, excessive force and the violation of due process, based on the actions of Defendant Debra Williams when she was employed as a correctional officer at PBSP in August 2006.  Specifically, Plaintiff alleges Defendant deliberately opened Plaintiff's cell door in order to cause a fight between Plaintiff and another inmate, which resulted in Defendant's shooting Plaintiff.  Additionally, Plaintiff alleges Defendant prevented him from being present at a disciplinary hearing on assault charges stemming from the fight.

On June 30, 2010, Defendant filed a motion for summary judgment, which she later supplemented pursuant to court order. Thereafter, Plaintiff filed a motion to compel discovery, as well as a motion either to stay summary judgment or to extend the deadline for him to oppose Defendant's motion pending resolution of the motion to compel.

On December 9, 2010, the Court granted in part and in denied in part Plaintiff's discovery motion, referred the discovery matter to Magistrate Judge Beeler, and ordered Defendant to submit to Magistrate Judge Beeler for <u>in camera</u> review answers to certain interrogatories and document requests and to provide Plaintiff with answers to other interrogatories and document requests. (Docket no. 54.)

Subsequently, on March 7, 2011, the Court denied without prejudice Defendant's motion for summary judgment in view of the ongoing discovery proceedings pending before Magistrate Judge Beeler. (Docket no. 64.) Additionally, the Court set a briefing schedule for Defendant to file a notice of renewal of her motion for summary judgment no later than seven days after the discovery matter was resolved.

On March 10, 2011, Magistrate Judge Beeler issued her Third Order Re Discovery Submitted for In Camera Review. (Docket no. 65). As relevant here, the Order provides (1) that Defendant must produce certain discovery to Plaintiff, including responses to interrogatories that had been previously submitted for <u>in camera</u> review, and disclosure of certain records, as redacted, (2) Defendant has shown good cause for granting a protective order, and (3) Defendant must produce certain documents, specifically,

2

certain portions of PBSP's use of force policy, only if Plaintiff signs the protective order that was provided to Plaintiff as part of Defendant's Letter Brief to Magistrate Judge Beeler (docket no. 63-1).

On March 17, 2011, Defendant filed and served her notice of renewal of the motion for summary judgment. Plaintiff's opposition to the renewed motion for summary judgment was due no later than thirty days after Defendant's notice of renewal was filed, or April 18, 2011.

On April 25, 2011, Defendant's counsel filed a declaration informing the Court (1) that Defendant had served the responses to interrogatories and redacted records on Plaintiff on March 17, 2011, (2) Plaintiff had not yet returned the signed protective order to Defendant, and (3) Plaintiff had not filed opposition to the renewed motion for summary judgment.

B.  Plaintiff's Motion

   1.  Briefing Deadlines and Appointment of Counsel

On the same date Defendant's counsel filed the above declaration, Plaintiff filed a motion in which he states that he never received the Third Order Re Discovery issued by Magistrate Judge Beeler on March 10, 2011. (Docket No. 68.) Plaintiff asks the Court to provide him with that Order, and either to stay further proceedings concerning Defendant's renewed motion for summary judgment or grant Plaintiff an extension of time to file his opposition to such motion, as Plaintiff states he requires additional time to review the Third Order Re Discovery and proposed protective order and raise any objections thereto.

3

1    Plaintiff's request to be provided with the Third Order Re
2 Discovery is GRANTED.  The Clerk of the Court has been directed to
3 serve Plaintiff with a copy of that Order.
4    Plaintiff's request to stay further proceedings concerning
5 Defendant's renewed motion for summary judgment is DENIED.  The
6 discovery matters addressed in the Third Order Re Discovery have
7 been reviewed thoroughly by the Court and Magistrate Judge Beeler,
8 Defendant already has provided Plaintiff with certain discovery in
9 compliance with Magistrate Judge Beeler's Order, and Defendant
10 will provide Plaintiff with the remaining discovery once the
11 protective order is signed.  Consequently, no stay is required in
12 order for Plaintiff to review Magistrate Judge Beeler's Order or
13 the protective order.  Additionally, the Court, in the Conclusion
14 of this Order, has provided Plaintiff with sufficient time to file
15 his opposition to Defendant's renewed motion for summary judgment
16 should Plaintiff file objections to the Third Order Re Discovery
17 and/or the protective order.  Accordingly, the Court finds it
18 unnecessary to stay further proceedings concerning Defendant's
19 renewed motion for summary judgment.
20    Plaintiff's request for an extension of time to file
21 opposition to Defendant's renewed motion for summary judgment is
22 hereby GRANTED.  A briefing schedule is set forth in the
23 Conclusion of this Order.
24    Plaintiff also asks the Court to appoint counsel for the
25 purpose of reviewing the protective order before Plaintiff signs
26 the protective order.  This is the fourth request for appointment
27 of counsel Plaintiff has made in the instant action.  As the Court
28 explained to Plaintiff when denying Plaintiff's prior requests for

4

1 appointment of counsel, exceptional circumstances warranting the
2 appointment of counsel do not exist, as it is premature for the
3 Court to assess the likelihood of Plaintiff's success on the merits
4 of his claims, and Plaintiff has adequately presented his claims
5 pro se in light of the complexity of the legal issues involved.
6 See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

7 Further, with respect to Plaintiff's review of the protective
8 order, the terms of that order are not so complex that the
9 appointment of counsel is necessary to protect Plaintiff's
10 interests before Plaintiff signs the order.  Additionally, the
11 protective order does not unduly limit Plaintiff's ability to
12 review and rely upon privileged and/or confidential information or
13 documents in preparing his opposition to Defendant's renewed motion
14 for summary judgment, and the order provides a procedure for
15 Plaintiff to object to Defendant's designation of certain
16 information or documents as protected.  Accordingly, Plaintiff's
17 request for the appointment of counsel is DENIED.

18    2.   Revision of Court's Prior Discovery Order

19 As noted, the Court, prior to referring the discovery matters
20 herein to Magistrate Judge Beeler, issued an order granting in part
21 and denying in part Plaintiff's motion to compel discovery.
22 As relevant to Plaintiff's instant motion, the Court directed
23 Defendant, in response to Plaintiff's document requests (2) and
24 (7), to submit to Magistrate Judge Beeler for in camera review "all
25 excessive force complaints against Defendant within the last five

5

years." (Docket no. 54 at 4:23-25.)[1]  Subsequently, Defendant informed Magistrate Judge Beeler that no such complaints had been made.

Plaintiff now moves the Court to expand the time-frame for which excessive force complaints against Defendant must be provided. Plaintiff contends that the period of "the last five years" previously designated by the Court for excessive force complaints made against Defendant does not adequately address Plaintiff's requests for information about such complaints because the instant action concerns events that occurred in 2006, when Defendant was a correctional officer, but it is Plaintiff's understanding that Defendant subsequently was promoted to a sergeant and has been a sergeant for all or most of the past five years. In particular, Plaintiff maintains the difference between a correctional officer and a sergeant is crucial with respect to the discovery he seeks, because as a sergeant Defendant "would not be in a position to commit similar acts as described in this case." (Pl's Motion at 2.) Consequently, Plaintiff argues he requires documentation of excessive force complaints made against Defendant prior to Defendant's having been made a sergeant.

The Court finds Plaintiff's argument persuasive. Accordingly,

---

[1] The noted document requests ask for:

(2) Any and all documents in the defendant's personell (sic) file pertaining to any reprimands for misbehavior, suits against her, complaints made against her by staff or inmates, or anything that could be deemed relevant to the allegations made by the plaintiff in this case.

(7) Any and all documents of similar Control Booth Operators shootings that the defendant has been involved in during her time as a correctional officer.

6

Plaintiff's request for a revised order pertaining to Defendant's production of documents responsive to document requests (2) and (7) is GRANTED.  Defendant shall, as set forth in the Conclusion of this Order, submit to Magistrate Judge Beeler for <u>in camera</u> review all excessive force complaints made against Defendant within the five years prior to her promotion to sergeant.  If, however, Defendant has remained a correctional officer for most or all of the last five years, no submission of additional documents responsive to document requests (2) and (7) will be required.

CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Plaintiff's motion (docket no. 51) is GRANTED in part and DENIED in part, as follows:

   a.  Plaintiff's request to be provided with Magistrate Judge Beeler's Third Order Re Discovery is GRANTED.  The Clerk of the Court has been directed to serve Plaintiff with that Order.

   b.  Plaintiff's request for a stay of further proceedings concerning Defendant's renewed motion for summary judgment is DENIED.

   c.  Plaintiff's request for an extension of time to file his opposition to the renewed motion for summary judgment is GRANTED.

   d.  Plaintiff's request for appointment of counsel is DENIED.

   e.  Plaintiff's request for a revised discovery order concerning document requests (2) and (7) is GRANTED.

2.  The parties shall abide by the following discovery schedule:

      a.    No later than ten (10) days from the date of this Order, Plaintiff shall serve Defendant with the signed protective order, a copy of which is attached to this Order.

      b.    No later than ten (10) days after Defendant's receipt of the signed protective order, Defendant shall provide Plaintiff with all outstanding discovery covered by the protective order.

      c.    No later than twenty (20) days from the date of this Order, Defendant shall submit to Magistrate Judge Beeler for <u>in camera</u> review all excessive force complaints made against Defendant within the five years prior to her promotion to sergeant, or shall inform Magistrate Judge Beeler that Defendant has remained a correctional officer for most or all of the past five years, in which case no submission of additional documents responsive to Plaintiff's document requests (2) and (7) is required.

      d.    No later than thirty (30) days from the date of this Order, Plaintiff shall file with Magistrate Judge Beeler and serve on Defendant any objections to the Third Order Re Discovery and/or the protective order.

      e.    Defendant <u>shall</u> file a response to Plaintiff's objections no later than fifteen (15) days after the date the objections are filed.

   3.    The parties shall abide by the following briefing schedule:

      a.    Plaintiff's opposition to the renewed motion for summary judgment shall be filed with the Court and served on Defendant no later than sixty (60) days from the date of this Order.

8

   b. Defendant <u>shall</u> file a reply brief no later than twenty (20) days after the date Plaintiff's opposition is filed.

   c. The motion for summary judgment shall be deemed submitted on the date the reply is filed.

 4. The Clerk of the Court shall provide a copy of this Order to Magistrate Judge Beeler.

 5. This Order terminates Docket no. 68.

 IT IS SO ORDERED.

Dated: 5/17/2011

*/s/ Claudia Wilken*
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE