UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ISAIAH N. WILLIAMS,<br><br>                    Plaintiff,<br>     v.<br>D. WILLIAMS,<br>                    Defendant.<br>_____/ | No. C 07-04464 CW (LB)<br><br>**ORDER RE DEFENDANT'S 7/28/2011 DISCOVERY LETTER**<br><br>[ECF No. 77] |

Defendant Debra Williams alleges that Plaintiff Isaiah Williams filed a page of Pelican Bay State Prison's use-of-force policy that was marked as "Confidential" under the terms of the protective order signed by Plaintiff and ordered by the court. July 28, 2011 Letter from Defendant, ECF No. 77 at 2.[1] The page at issue was filed as Exhibit C in Plaintiff's opposition to Defendant's motion for summary judgment (ECF No. 76 at 37). *Id.* Defendant asks the court to order the document immediately removed from the public record. *Id.*

Here, the court ordered Defendant to produce the use-of-force policy only if Plaintiff signed the protective order at ECF No. 63-1. Third Discovery Order, ECF No. 65 at 6. The district court also ordered Plaintiff to sign the protective order. Order, ECF No. 71 at 8. Section 12.3 of the protective order prohibits a party from filing in the public record any protected material without written

---

[1] Citations are to the Clerk's Electronic Case File (ECF) with pin cites to numbers at the top (as opposed to the bottom) of the page.

ORDER RE DEFENDANT'S 7/28/2011 DISCOVERY LETTER
C 07-04464 CW (LB)

permission from the other party or a court order secured after appropriate notice to all interested persons. Stipulated Protective Order, ECF No. 71-1 at 7. The page from Pelican Bay State Prison's use-of-force policy was appropriately designated "Confidential." *See* Third Discovery Order, ECF No. 65 at 5-6. Thus, the court finds that Plaintiff should not have filed his opposition with the confidential page in the public record.

Accordingly, the court directs the clerk of the court to remove the use-of-force policy page from Plaintiff's opposition (ECF No. 76 at 37) from the public record and to re-file it under seal. *See Jones v. Metropolitan Life Ins. Co.*, No. C-08-03971-JW (DMR), 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) ("[B]ased on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders.").

**IT IS SO ORDERED.**

Dated: July 29, 2011

_____
LAUREL BEELER
United States Magistrate Judge