IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH NOEL WILLIAMS,<br><br>    Plaintiff,<br>  v.<br><br>D. WILLIAMS,<br><br>    Defendant.<br>_____/ | No. C 07-04464 CW (PR)<br><br>AMENDED ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT; SETTING BRIEFING SCHEDULE<br><br>(Docket no. 91) |

Plaintiff Isaiah Noel Williams, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning events that occurred at Pelican Bay State Prison in 2006.[1] On March 29, 2012, the Court granted in part and denied in part Defendant's motion for summary judgment and referred the matter to Magistrate Judge Nandor Vadas for a settlement conference. Docket no. 82. The case did not settle. Thereafter, Plaintiff filed a motion requesting the appointment of counsel; on June 26, 2012, the Court referred Plaintiff to the Federal Pro Bono Project of the Volunteer Legal Services Program, which will attempt to find an attorney who is able to represent Plaintiff in these proceedings. Docket no. 90.

Defendant has filed a motion for reconsideration of the Court's order, arguing she was entitled to object before the Court granted Plaintiff's motion for appointment of counsel and referred him to the Federal Pro Bono Project. Additionally, she argues that

---

1. Throughout the proceedings in this case, including the motion addressed in this Order, Defendant erroneously refers to Plaintiff as a prisoner who is serving a "federal sentence" and to herself as a "federal prison official." See Mot. for Recons. at 3:2-5. This is inaccurate.

the appointment of counsel is not warranted because "exceptional circumstances" for such appointment do not exist.

The motion for reconsideration is DENIED. Contrary to Defendant's assertion, the Court has not granted the motion for appointment of counsel. Rather, in accordance with Northern District General Order No. 25, the Court has referred Plaintiff to the Federal Pro Bono Project to see if there is an attorney who would be willing to represent him. Although Defendant objects to the Court's having done so without first finding that exceptional circumstances exist, the argument is without merit -- the "exceptional circumstances" requirement only applies to a court's decision whether to appoint counsel. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Moreover, Defendant has not presented persuasive authority that supports her argument that the Court is precluded from appointing counsel absent a finding of exceptional circumstances.

If Defendant wishes to oppose Plaintiff's motion for the appointment of counsel, she may file an opposition no later than fourteen days from the date of this Order.

Plaintiff may file a reply to the opposition no later than seven days from the date he is served with the opposition.

The Court will rule on the motion when it has been briefed fully. The order of referral to the Federal Pro Bono Project remains in place.

This Order terminates Docket no. 91.

IT IS SO ORDERED.

Dated: July 6, 2012

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE