IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH NOEL WILLIAMS,<br><br>      Plaintiff,<br>  v.<br><br>D. WILLIAMS,<br><br>      Defendant.<br>_____/ | No. C 07-04464 CW (PR)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docket no. 89) |

    Plaintiff Isaiah Noel Williams, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning events that occurred at Pelican Bay State Prison in 2006.  Plaintiff has been granted leave to proceed in forma pauperis (IFP).

    On March 29, 2012, the Court granted in part and denied in part Defendant's motion for summary judgment and referred the matter to Magistrate Judge Nandor Vadas for a settlement conference.  Docket no. 82.  The case did not settle.  Thereafter, Plaintiff filed a motion requesting the appointment of counsel. Defendant opposes the motion.

    In cases in which a party proceeds IFP, the district court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The decision to appoint counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances."  Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)).  A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the

plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff has shown a likelihood of success on the merits of his claims. As detailed in the Court's order granting in part and denying in part Defendant's motion for summary judgment, Plaintiff has shown that triable issues of fact exist with respect to his excessive force, deliberate indifference to safety, and retaliation claims, and that Defendant is not entitled to qualified immunity on those claims.

Further, although Plaintiff is literate and has prosecuted this action competently to this point, the issues that will go to trial require significant factual and legal development. For example, Plaintiff's deliberate indifference to safety and excessive force claims concern the reasonableness of Defendant's actions, and will require analysis of prison policies that dictate when inmates can be let out of their cells and the amount of force that can be used to quell inmate fights. Additionally, Plaintiff's deliberate indifference to safety claim is based on a complex theory of proximate causation that requires him to show that his starting a fight with another inmate - which led to him being shot by Defendant with exact impact rounds - was a foreseeable and normal result of Defendant deliberately letting him and the inmate out of their cells at the same time.

For the foregoing reasons, the Court finds that exceptional circumstances warranting the appointment of counsel exist. See Agyeman, 390 F.3d at 1103.

Accordingly, Plaintiff's motion for the appointment of counsel

2

is GRANTED.

The Court has issued a separate order appointing counsel.

This Order terminates Docket no. 89.

IT IS SO ORDERED.

Dated: 7/31/2012

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE