ORDER FOR PRETRIAL PREPARATION
(Prisoner Cases)

PRETRIAL CONFERENCE

Not less than 28 days prior to the pretrial conference, each party shall file the pretrial conference statement required by Civil L.R. 16-10(b)(6). The pretrial statement shall contain the following information:

(1) The Action.

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

(2) The Factual Basis of the Action.

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputed.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) Disputed Legal Issues. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4) Further Discovery or Motions. A statement of all remaining discovery or motions.

(5) Trial Alternatives and Options.

    (A) Settlement Discussions. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (B) Consent to Trial Before a Magistrate Judge. A

statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C) Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6) Miscellaneous.  Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

In addition, each party shall submit the following:

a. Exhibit List and Objections.  The exhibit list required by Civil L.R. 16-10(b)(7) shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence.  No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown.  Parties shall also deliver a set of premarked exhibits to the Courtroom Deputy.  The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials.  Appropriate sample forms are attached and are also available on the Court's website at www.cand.uscourts.gov.

b. Witness List.  No party shall be permitted to call any witness in its case-in-chief that is not disclosed in its pretrial conference statement without leave of the Court for good cause shown.  **Each party must arrange to subpoena and produce the witnesses they wish to call.**

2

    c. Use of Discovery Responses.  In addition to the requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from interrogatory answers or from responses for admissions intended to be offered at trial.  The parties shall indicate any objections to use of these materials.

    d. Trial briefs.  Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues.

    e. Motions in Limine.  Any motions in limine shall be filed with the pretrial conference statement.  All motions in limine shall be contained within one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading.  Opposition to the motions in limine shall be contained within one document, limited to 25 pages, with corresponding subheadings, and filed seven (7) days thereafter.

    f. Proposed Voir Dire.  The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to parties at the beginning of voir dire.  Each party may submit a set of additional requested voir dire.

    g. Joint Proposed Jury Instructions.  As applicable, jury instructions §1.1A, §1.1C, §1.2 through §1.17, §1.19, §2.1 through §2.13, §3.1 through §3.3 from the <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u> (2007 Edition) will be given absent objection.  Parties shall each submit one set of additional proposed jury instructions.  The instructions shall be ordered in a logical sequence, together with a table of contents.

3

Authority for each instruction shall be included as part of the submission.

The parties shall email to cwpo@cand.uscourts.gov a copy of their proposed jury instructions in WordPerfect or Word format. The subject of the email should include the name of the parties, the case number and a description of the document.

      h.  Proposed Verdict Forms.

      i.  Proposed Findings of Fact and Conclusions of Law (Court Trial only). The parties shall email to cwpo@cand.uscourts.gov a copy of their proposed findings of fact and conclusions of law in WordPerfect or Word format. The subject of the email should include the name of the parties, the case number and a description of the document.

<u>JURY SELECTION</u>

The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons so that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, outside the presence of the venire. The Court will inform the parties which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Each party may then list in writing up to three peremptory challenges. The

4

parties will review each other's lists and then submit them to the Courtroom Deputy.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining. Those people will be the jury.

All jurors remaining at the close of the case will deliberate. There are no alternates.

SANCTIONS

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.



_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

5

## JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. Your place of birth: _____

4. Do you rent or own your own home? _____

5. Your marital status: (circle one)

    single   married   live with partner   separated   divorced   widowed

6. What is your occupation, and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

    _____

    _____

7. Who is (or was) your employer?

    _____

8. How long have you worked for this employer? _____

9. Please list the occupations of any adults with whom you live.

    _____

10. If you have children, please list their ages and sex and, if they are employed, please give their occupations.

    _____

    _____

    _____

    _____

6

11. Please describe your educational background:

   Highest grade completed: _____

   College and/or vocational schools you have attended:

   _____

   _____

   _____

   Major areas of study:_____

12. Have you ever served on a jury before? _____  How many times?_____

   If yes:  State/County Court _____   Federal Court _____

   When? _____

   Was it a civil or criminal case? _____

   Did the jury(ies) reach a verdict? _____

13. Attached is a list of the parties in this case, the law firms representing the parties, attorneys in this case, and persons who are potential witnesses in this case.  Do you know, or think you know, any of the persons listed?

   Yes:_____            No:_____

   If so, make a check next to their name.

Rev. 6/28/10

7