J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
LYNNE G. STOCKER (SBN 130333)
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
180 Grand Avenue, Suite 225
Oakland, California  94612
Tel.:   (510) 287-4160
Fax:   (510) 287-4161

Attorneys for Defendant
DEBRA WILLIAMS (sued herein as D. WILLIAMS)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH NOEL WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>D. WILLIAMS,<br><br>    Defendant. | Case No.:  C 07-04464 CW (PR)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1.    PURPOSES AND LIMITATIONS

The Court and Parties recognize that disclosure and discovery of certain material ordered to be produced in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted ("Protected Material"). Accordingly, and pursuant to Judge Beeler's February 23, 2011 Order, [Docket 62] and/or subsequent Order, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective

1

1  Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets
2  forth the procedures that must be followed and the standards that will be applied when a party seeks
3  permission from the court to file material under seal.

4      2.    <u>DEFINITIONS</u>

5      2.1    <u>"CONFIDENTIAL" Information or Items:</u>  information (regardless of how it is
6  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of
7  Civil Procedure 26(c) and pursuant to Judge Beeler's February 23, 2011 Order or subsequent Order.

8      2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium
9  or manner in which it is generated, stored, or maintained (including, among other things, testimony,
10 transcripts, and tangible things), that are produced or generated in disclosures or responses to
11 discovery in this matter.

12     2.3    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the
13 litigation who has been retained by a Party or its counsel to serve as an expert witness or as a
14 consultant in this action.

15     2.4    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as
16 "CONFIDENTIAL."

17     3.    <u>SCOPE</u>

18 The protections conferred by this Stipulation and Order cover not only Protected Material (as
19 defined above), but also (1) any information copied or extracted from Protected Material; (2) all
20 copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
21 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

22 However, the protections conferred by this Stipulation and Order do not cover the following
23 information: (a) any information that is in the public domain at the time of disclosure to a Receiving
24 Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of
25 publication not involving a violation of this Order, including becoming part of the public record
26 through trial or otherwise; and (b) any information known to the Receiving Party prior to the
27 disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the
28

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the

4

1  Challenging Party must explain the basis for its belief that the confidentiality designation was not
2  proper and must give the Designating Party an opportunity to review the designated material, to
3  reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the
4  chosen designation.  A Challenging Party may proceed to the next stage of the challenge process
5  only if it has engaged in this meet and confer process first or establishes that the Designating Party is
6  unwilling to participate in the meet and confer process in a timely manner.

7        6.3     <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court
8  intervention, the Challenging Party shall file and serve a motion to challenge confidentiality, for
9  good cause shown, under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if
10  applicable) within 60 days of the initial notice of challenge or within 30 days of the parties agreeing
11  that the meet and confer process with not resolve their dispute, whichever is earlier.  Any motion
12  brought pursuant to this provision must be accompanied by a competent declaration affirming that
13  the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

14        The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.
15  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary
16  expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties
17  shall continue to afford the material in question the level of protection to which it is entitled under
18  the Producing Party's designation until the court rules on the challenge.

19        7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

20        7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or
21  produced by another Party or by a Non-Party in connection with this case only for prosecuting,
22  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
23  the categories of persons and under the conditions described in this Order. When the litigation has
24  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL
25  DISPOSITION).

26        Protected Material must be stored and maintained by a Receiving Party at a location and in a
27  secure manner that ensures that access is limited to the persons authorized under this Order.
28

(Left margin: **ANDRADA & ASSOCIATES** PROFESSIONAL CORPORATION)

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" <u>or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel, subject to the limitations imposed by section 12.3, below;

(d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL"

6

1 before a determination by the court from which the subpoena or order issued, unless the Party has
2 obtained the Designating Party's permission. The Designating Party shall bear the burden and
3 expense of seeking protection in that court of its confidential material – and nothing in these
4 provisions should be construed as authorizing or encouraging a Receiving Party in this action to
5 disobey a lawful directive from another court.

6      12. <u>MISCELLANEOUS</u>

7      12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek
8 its modification by the court in the future.

9      12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order
10 no Party waives any right it, or a Non-Party whose information is disclosed pursuant to this Order,
11 otherwise would have to object to disclosing or producing any information or item on any ground not
12 addressed in this Stipulated Protective Order. Similarly, no Party or Non-Party affected by this Order
13 waives any right to object on any ground to use in evidence of any of the material covered by this
14 Protective Order.

15      12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a
16 court order secured after appropriate notice to all interested persons, a Party may not file in the
17 public record in this action any Protected Material. A Party that seeks to file under seal any Protected
18 Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal
19 pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant
20 to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected
21 Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under
22 the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local
23 Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public
24 record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

25      13. <u>FINAL DISPOSITION</u>.

26 Within 60 days after the final disposition of this action, as defined in paragraph 4, each
27 Receiving Party must return all Protected Material to the Producing Party. As used in this
28 subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any

1  other format reproducing or capturing any of the Protected Material. Notwithstanding this provision,
2  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and
3  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,
4  attorney work product, and consultant and expert work product, even if such materials contain
5  Protected Material. Any such archival copies that contain or constitute Protected Material remain
6  subject to this Protective Order as set forth in Section 4 (DURATION).
7          IT IS SO STIPULATED.

9  DATED:  __May 20_____, 2011____          /s/ Isaiah N. Williams_____
                                                    Isaiah N. Williams
10                                                  Plaintiff *in pro se*

12  DATED:  June 3, 2011                            ANDRADA & ASSOCIATES

13                                                      /s/ Lynne G. Stocker
                                                    By _____
14                                                  LYNNE G. STOCKER
                                                    Attorneys for Defendant
15                                                  DEBRA WILLIAMS

19          PURSUANT TO STIPULATION AND COURT ORDER, IT IS SO ORDERED.

21  DATED:  August 21, 2012                        _____
22                                                  Laurel Beeler
                                                    U.S. District Court, Northern District of
                                                    California

8

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, <u>Isaiah Noel Williams</u> [print or type full name], of Pelican Bay State Prison, Crescent City, CA 95531 [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Isaiah N. Williams v. D. Williams (Case No. C 07-04464 CW (LB)). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: May 20, 2011.

City and State where sworn and signed: Crescent City, CA

Printed name: Isaiah Williams

Signature: _/s/ Isaiah Williams_____