IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISAIAH N. WILLIAMS,

    Plaintiff,

v.

DEBRA WILLIAMS,

    Defendant.
_____/

No. C 07-4464 CW

ORDER RESOLVING MOTIONS IN LIMINE

Plaintiff Isaiah Williams, an inmate at Pelican Bay State Prison (PBSP), brings this 42 U.S.C. § 1983 action against Defendant Debra Williams.  The Court held a pretrial conference and heard arguments regarding the parties' motions in limine on June 26, 2013.  After considering the parties' oral argument and submissions, the Court now issues the following rulings:

I.    Plaintiff's Motions in Limine

    A.    MIL No. 1: Motion to Exclude References to Plaintiff's Past Criminal Convictions and Rule Violations

This motion is GRANTED.  Defendant may not present evidence or argument that identifies the specific nature or circumstances of Plaintiff's conviction or any evidence relating to Plaintiff's past rule violations.  Defendant may, however, present evidence and argument that (1) Plaintiff was convicted of a violent felony and (2) the unit where Plaintiff currently resides is used to house violent prisoners.  Defendant may also present evidence or argument pertaining to the rules violation report arising from the August 16, 2006 incident which is the subject of this action.

B.  MIL No. 2: Motion to Exclude References to Plaintiff's Alleged Gang Affiliation

This motion is DENIED. Plaintiff's membership in a white supremacist gang is a key issue in this case, as Plaintiff's own expert asserts in his report. See Pl.'s Ex. 20, R. Subia Report, at ¶ 30 ("In the present case, the risk of harm was heightened due to the specific types of inmates, Nazi Low Rider (white supremacy) and Black Guerilla Family (Black)."). Concealing this fact from the jury would deny them access to relevant information while creating administrative difficulties for both parties. Cf. United States v. Price, 13 F.3d 711, 720 (3d Cir. 1994) (upholding a district court's decision to admit conversations in which a party used racial epithets because "it would have been virtually impossible to redact this or the other conversations without altering their substance").

C.  MIL No. 3: Motion to Exclude References to Plaintiff's Alleged Nickname, "Sinner"

This motion is GRANTED. Plaintiff's nickname is prejudicial and serves no probative value here. All references to Plaintiff's nickname should be redacted from any otherwise admissible exhibits.

D.  MIL No. 4: Motion to Exclude References to and Evidence of Plaintiff's Tattoos

This motion is DENIED. The two photographs Plaintiff seeks to exclude do not reveal the tattoo of his nickname and include mostly blurry images of his other tattoos. To the extent any of his tattoos are visible in these photographs, they are no less relevant and no more prejudicial than any other evidence of Plaintiff's alleged membership in a white supremacist gang.

2

E.  MIL No. 5: Procedure for Exchange of Evidence Relating to MILs No. 1-4

This motion is DENIED as unnecessary.

F.  MIL No. 6: Motion to Exclude Evidence or Argument Relating to Prior Decisions by Other Tribunals or Agencies

This motion is GRANTED.

G.  MIL No. 7: Motion to Exclude Statements About State Finances and the Use of Taxpayer Funds to Satisfy Any Judgments in this Case

This motion is GRANTED as unopposed.

H.  MIL No. 8: Motion to Exclude Undisclosed or Improper Expert Testimony

This motion is GRANTED in part. Defendant may not present any undisclosed expert testimony. Furthermore, Defendant may not refer to herself as an "expert." Allowing Defendant to offer "expert" testimony at trial would be unduly prejudicial because her judgment is directly at issue in this case. While Defendant may testify about her experience as a correctional officer with the California Department of Corrections and Rehabilitation (CDCR) or her subjective belief that she used appropriate force, she may not characterize her views as expert opinion.

I.  MIL No. 9: Motion to Exclude Expert Testimony of Curtis Cope

This motion is GRANTED in part. A "trial court has 'broad discretion' in assessing the relevance and reliability of expert testimony." United States v. Finley, 301 F.3d 1000, 1007 (9th Cir. 2002) (quoting United States v. Murillo, 255 F.3d 1169, 1178 (9th Cir. 2001)). To qualify as an expert, a witness must have a sufficient level of "scientific, technical, or other specialized knowledge" to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

3

Here, Defendant has not established that her expert, Curtis Cope, satisfies this requirement. Cope has no training or experience as a correctional officer nor any specialized knowledge of CDCR facilities and procedures. Although he served as a police officer for several decades, this experience does not make him an expert in correctional policy. Here, especially, Cope's police experience is unlikely to aid the jury in determining whether Defendant used appropriate force because Defendant made her use-of-force decision while stationed at a control booth in a maximum security prison that Cope has never visited. Cope's police training therefore does not qualify him to offer expert testimony about the propriety of Defendant's conduct in this situation, which is unique to the correctional context.[1]

Cope's police experience does, however, qualify him to offer expert testimony about the specific weapon Defendant used to subdue Plaintiff. Specifically, Cope may testify about the range and force of the "40mm less lethal weapon," about the range and effectiveness of pepper spray, and about whether Defendant's decision to use the 40mm less lethal weapon on August 16, 2006 was appropriate.

J.  MIL No. 10: Motion Regarding Plaintiff's Shackles and Garments During Trial

This motion is DENIED.

---

[1] None of Defendant's cited cases suggests otherwise. Each of the cases she cites features police officers testifying as experts on "police procedures and policies" -- not prison procedures and policies. See, e.g., Larez v. City of Los Angeles, 946 F.2d 630, 635 (9th Cir. 1991) ("Fyfe was formerly a New York City police officer, and was qualified as an expert on proper police procedures and policies.").

4

    K.    MIL No. 11: Motion to Permit Telephone Communications Between Plaintiff and His Counsel During Trial

This motion is resolved as set forth in the Court's July 2, 2013 order regarding telephone access. See Docket No. 192.

    L.    MIL No. 12: Motion Regarding Evidence Preservation and Alleged Discovery Abuses

Plaintiff incorporates by reference his previous motion regarding Defendant's alleged discovery abuses. However, he fails to offer any new argument or evidence in support of the motion. Magistrate Judge Beeler denied his previous motion on June 20, 2013, Docket No. 179, and this Court denied Plaintiff's subsequent request for relief from Judge Beeler's decision. Accordingly, this motion is DENIED.

As stated in the Court's order denying Plaintiff's request for relief from Judge Beeler's order, if Plaintiff has admissible evidence showing that any witness, including Defendant, misrepresented the availability of certain CDCR photographs or training records, he may use that evidence to impeach that specific witness.

II. Defendant's Motions in Limine

    A.    MIL No. 1: Motion to Exclude Expert Testimony of Richard Subia on Liability

This motion is DENIED. Plaintiff's expert, Richard Subia, may testify that Defendant's actions were negligent, grossly negligent, or undertaken with reckless disregard for Plaintiff's safety. Subia may not, however, testify that any of these descriptions of Defendant's conduct represents the proper legal standard to be applied in this case.

5

B. MIL No. 2: Motion to Exclude Expert Testimony on Witness Credibility

This motion is GRANTED in part. Subia may testify about any specific record-keeping policies or procedures that cast doubt on any of Defendant's representations that certain CDCR records are unavailable or do not exist. Subia may also opine that Defendant's failure to check for Inmate Powell in the corridor before opening Plaintiff's cell was wrongful and led to of Plaintiff's injuries. He may base that testimony on his lay person's conclusion that Defendant could have seen Powell from the control booth, based on the photographs. Subia may not, however, offer expert opinion regarding the view from the control booth of the corridor. Subia has never visited the control booth and, as such, any testimony he offers on this particular subject would be based on photographs of the control booth that the jurors may view for themselves.

Subia is also barred from testifying that Defendant's "inability to recall the search of the cell and subsequent conversation" with Plaintiff is somehow "disingenuous" or an "attempt to mislead this court about what actually occurred." R. Subia Report ¶ 23.

C. MIL No. 3: Motion to Exclude Reference to Alleged Failures of CDCR to Produce Evidence

This motion is GRANTED in part. As noted above, Plaintiff may present evidence of CDCR's alleged failure to produce evidence only if it is relevant for impeachment purposes.

D. MIL No. 4: Motion for an Order That Plaintiff Be Shackled for Trial

This motion is GRANTED as unopposed.

6

E. MIL No. 5: Motion to Exclude Undisclosed Expert Testimony

This motion is GRANTED in part. Subia may testify that Defendant "acted with disregard for Post Orders and her own personal practice, and was highly trained to avoid this very circumstance." Docket No. 162, Pl.'s Witness List, at 1. This opinion was plainly disclosed in Subia's expert report. See R. Subia Rep. ¶¶ 25-30.

Subia may not testify, however, that CDCR "staff members have at times taken retaliatory action against inmates for filing formal complaints and that the facts and circumstances of this case suggest that is what happened here." Pl.'s Witness List, at 1. Although this opinion was disclosed in Subia's expert report, its probative value is substantially outweighed by its prejudicial effect. This testimony is therefore inadmissible under Rule 403.

## CONCLUSION

The parties' motions in limine (Docket Nos. 173, 176) are resolved as set forth above.

IT IS SO ORDERED.

Dated: July 8, 2013

CLAUDIA WILKEN
United States District Judge

7