IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH NOEL WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>D. WILLIAMS,<br><br>    Defendant.<br>_____/ | No. C 07-4464 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW (Docket No. 238) |

Plaintiff Isaiah Williams moves for judgment as a matter of law or, in the alternative, a new trial. Defendant Debra Williams opposes the motion. After considering the parties' submissions and oral argument, the Court denies the motion.

BACKGROUND

Plaintiff is an inmate in Pelican Bay State Prison's Security Housing Unit (SHU). In 2007, he filed a pro se complaint in this action against Defendant, a Pelican Bay correctional officer, alleging violations of his First and Eighth Amendment rights.

Plaintiff alleges that, on August 16, 2006, Defendant opened his cell door from a remote control tower while another inmate from the same unit was unrestrained outside of Plaintiff's cell. According to Plaintiff's amended complaint, Defendant knew that Plaintiff and the other inmate were members of rival prison gangs and should have known that opening Plaintiff's cell door at that moment would expose him to a serious risk of harm. The complaint asserts that, after Defendant opened the cell door, Plaintiff and the other inmate engaged in a physical altercation, during which Defendant shot Plaintiff with four 40mm rubber bullets. Plaintiff

asserts that Defendant's initial decision to open the cell door and subsequent decision shoot him were both motivated by retaliatory animus because Plaintiff had threatened to file a grievance against her less than a week earlier.

In July 2012, after granting in part and denying in part Defendant's motion for summary judgment, the Court granted Plaintiff's motion to appoint counsel. Docket No. 95. The Court explained, "although Plaintiff is literate and has prosecuted this action competently to this point, the issues that will go to trial require significant factual and legal development." Id. at 2. Accordingly, the Court ordered the appointment of three attorneys from Morrison & Foerster LLP pursuant to the in forma pauperis (IFP) statute, 28 U.S.C. § 1915(e)(1). Docket No. 96.

In July 2013, the Court held a four-day jury trial. The jury returned a unanimous verdict on July 24 in favor of Defendant. Docket No. 226, Jury Verdict. It found that Defendant (1) had not retaliated against Plaintiff when she opened his cell door nor when she shot him with 40mm rounds; (2) was not deliberately indifferent to his safety when she opened his cell door nor when she shot him with 40mm rounds; and (3) did not use excessive force when she shot him with 40mm rounds. Judgment was entered in favor of Defendant. This motion followed.

## LEGAL STANDARDS

I. Judgment as a Matter of Law

A motion for judgment as a matter of law after the verdict renews the moving party's prior Rule 50(a) motion for judgment as a matter of law at the close of all the evidence. Fed. R. Civ. P. 50(b). Judgment as a matter of law after the verdict may be

2

granted only when the evidence and its inferences, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion as to the verdict. Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006). Where there is sufficient conflicting evidence, or if reasonable minds could differ over the verdict, judgment as a matter of law after the verdict is improper. See, e.g., Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 775 (9th Cir. 1990); Air-Sea Forwarders, Inc. v. Air Asia Co., 880 F.2d 176, 181 (9th Cir. 1989).

II. New Trial

A new trial may be granted if the verdict is not supported by the evidence. There is no easily articulated formula for passing on such motions. Perhaps the best that can be said is that the Court should grant the motion "[i]f, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Landes Constr., Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1371-72 (9th Cir. 1987) (quoting 11 Wright & Miller, Fed. Prac. & Proc. § 2806, at 48-49).

The Ninth Circuit has found that the existence of substantial evidence does not prevent the court from granting a new trial if the verdict is against the clear weight of the evidence. Landes, 833 F.2d at 1371. "The judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Id. Therefore, the standard for evaluating the sufficiency of the evidence is less stringent than that governing the Rule 50(b) motions for judgment as a matter of law after the verdict.

3

DISCUSSION

I.   Plaintiff Counsel's Authority to Appear

Defendant contends that Plaintiff's counsel lacks the authority to appear on Plaintiff's behalf now that the trial has concluded. This argument is without merit. The Court's order appointing counsel did not expire upon completion of the trial and the IFP statute does not impose any such limitation on the duration of counsel's appointment. Furthermore, the Ninth Circuit has recognized that the decision to appoint counsel is "within 'the sound discretion of the trial court'" and Defendant has not presented any evidence or argument suggesting that the Court has abused its discretion here. Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). Preventing counsel appointed under the IFP statute from representing clients in post-trial matters serves no discernible purpose. Accordingly, Defendant's request to disqualify Plaintiff's counsel is denied.

II.  Judgment as a Matter of Law

Plaintiff moves for judgment as a matter of law with respect to two of his claims: his Eighth Amendment claim of deliberate indifference and his First Amendment claim of retaliation.

   A.   Deliberate Indifference

To prevail on a deliberate indifference claim under the Eighth Amendment, a plaintiff must establish that the defendant consciously "disregarded a known or obvious consequence of his action." Bryan County v. Brown, 520 U.S. 397, 410 (1997); see also Long v. Shah, 2005 WL 994553 (N.D. Cal.) (Henderson, J.) ("A valid claim must allege that the prison official 'consciously

4

disregards a substantial risk.'" (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994))). The Ninth Circuit has recognized that this standard "is even higher than gross negligence" because it "requires a culpable mental state." Patel v. Kent Sch. Dist., 648 F.3d 965, 974 (9th Cir. 2011) (citing L.W. v. Grubbs, 92 F.3d 894, 898-900 (9th Cir. 1996)). Based on the evidence presented at trial, the jury was not required to find that Defendant's conduct met this standard.

Although Defendant admitted that she was aware of the risks Plaintiff faced when she opened his cell door and shot him with the 40mm rounds, she also presented evidence to show that she did not consciously disregard those risks. Defendant testified, for example, that she "mistakenly opened" Plaintiff's door after "forgetting" that the other inmate was unrestrained on the same tier. Trial Tr. 453:3-:4. She also testified that she was unable to see the area outside Plaintiff's cell from her vantage point in the control booth. Id. 385:16-:21. Furthermore, while Plaintiff's expert testified that Defendant's failure to check that area before opening his cell was "grossly negligent" and constituted a "reckless disregard for established procedures," id. 297:8, 297:16, he could not testify that Defendant acted with a conscious or reckless disregard for risks to Plaintiff's "health or safety." Farmer, 511 U.S. at 837 ("We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." (emphasis added)); Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995) (noting that the level of culpability

5

required to establish an Eighth Amendment violation "has been defined as being 'deliberately indifferent' to an inmate's <u>health or safety</u>" (emphasis added)). A jury, presented with this evidence, could reasonably conclude that Defendant's conduct in opening Plaintiff's cell door did not constitute deliberate indifference.

The same reasoning applies to Defendant's decision to shoot Plaintiff with four 40mm rounds. Defendant testified that she ordered Plaintiff to stop fighting before every shot, Trial Tr. 412:4-:23, and aimed each shot at Plaintiff's legs, <u>id.</u> 413:14-:15. Her account was supported by that of her supervisor, who testified that he specifically ordered Defendant to shoot Plaintiff in order to stop the fight. <u>Id.</u> 461:21-:23. Plaintiff himself admitted that he continued fighting with the other inmate even after he heard the guards yelling at him and realized that Defendant had begun shooting. <u>Id.</u> 187:10-:15, 243:23-:244:2, 244:23-:25. Taken together, this evidence is sufficient to support Defendant's assertion that she was justified in shooting Plaintiff with the four 40mm rounds. The jury was therefore not required to find that the shooting constituted deliberate indifference.

The trial record contains additional evidence supporting the jury's verdict. For instance, it was not unreasonable for the jury to conclude from the evidence that Plaintiff's injuries were the result of his own actions rather than Defendant's. The Ninth Circuit has stressed that, in cases where an inmate seeks to hold a prison guard individually liable for failing to prevent harm from another inmate, the plaintiff must establish a clear line of

6

causation between the defendant's conduct and the plaintiff's injuries.  See, e.g., Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("When plaintiffs, such as the inmates, seek to hold an individual defendant personally liable for damages, the causation inquiry between the deliberate indifference and the eighth amendment deprivation must be more refined. . . . Especially when, as in this case, a prisoner seeks to hold a prison employee individually liable because another prisoner attacked him, the prisoner must establish individual fault.").  Here, Plaintiff admitted that he left his cell to engage the other inmate in a fight, Trial Tr. 185:6-:19, that he struck the other inmate first, id. 235:35-15, that he could not recall the other inmate striking him in return, id. 235:23, that he continued fighting even after the first three shots were fired, id. 244:23-:25, and that he realized Defendant might shoot him with a non-lethal weapon in order to stop the altercation, id. 237:11-:14.  These admissions provide a sufficient basis for a reasonable jury to conclude that Plaintiff failed to establish the requisite level of causation to prevail on his deliberate indifference claim.  Plaintiff's motion must therefore be denied.

    B.   Retaliation

The only evidence of retaliation that Plaintiff presented at trial was the temporal proximity between the August 16, 2006 incident and Plaintiff's alleged threat to file a grievance against Defendant.  On its own, temporal proximity between a protected activity and an alleged act of retaliation is typically not sufficient to establish unlawful retaliation.  Cf. Ramadan v. City of Napa, 2007 WL 1655624 (N.D. Cal.) (Patel, J.) ("Thus,

1  because plaintiffs have not offered any support beyond proximity
2  in time to meet their burden of showing pretext, defendants are
3  entitled to judgment as a matter of law on plaintiffs' retaliation
4  claim under Title VII and FEHA."). Plaintiff's evidence of
5  retaliation is especially weak here, given Defendant's unrebutted
6  testimony that "many inmates" had previously threatened to file
7  grievances against her. Trial Tr. 452:20. Without any evidence
8  to explain why Plaintiff alone was singled out for retaliation,
9  the jury was not required to infer that Defendant's conduct on
10 August 16, 2006 was motivated by retaliatory animus. Thus,
11 Plaintiff is not entitled to judgment as a matter of law on his
12 retaliation claim.
13 III. New Trial
14    Plaintiff argues that a new trial should be held for three
15 reasons: (1) the jury may have been prejudiced by evidence of his
16 alleged membership in a prison gang; (2) the jury may have been
17 concerned about Defendant's ability to pay a verdict; and (3) the
18 jury may have expected Plaintiff to produce more evidence in
19 support of his claims. None of these provides a reason for
20 granting a new trial.
21    First, with respect to the evidence of Plaintiff's alleged
22 gang membership, the Court took several precautions to minimize
23 whatever prejudice this evidence might have caused. In
24 particular, the Court issued a limiting instruction regarding
25 Plaintiff's alleged gang affiliation, excluded all references to
26 Plaintiff's prison nickname, restricted the use of photographs
27 depicting Plaintiff's gang tattoos, and questioned prospective
28 jurors during voir dire about their racial attitudes and opinions

8

of the criminal justice system. Omitting references to Plaintiff's alleged gang membership altogether was not a feasible option. As explained in the order on motions in limine, Plaintiff's alleged membership in a white supremacist gang is highly relevant in this case because it speaks to the nature of the gang rivalry between him and the inmate with whom he fought. Docket No. 198, at 2 ("Concealing this fact from the jury would deny them access to relevant information while creating administrative difficulties for both parties."). Thus, in light of the various precautions the Court took to avoid juror prejudice, and the relevance of Plaintiff's alleged gang membership, the Court's decision to admit certain evidence of Plaintiff's alleged gang affiliation does not justify a new trial.

Nor does the Court's refusal to issue a limiting instruction regarding Defendant's ability to pay a judgment. Docket No. 238, Mot. JMOL 11. Although Plaintiff notes that the Court denied his request for such an instruction at the close of trial, he never explains why the instruction was necessary in the first place. He fails to cite any authority[1] requiring such an instruction and does not identify any evidence presented at trial regarding Defendant's ability to pay. As such, he offers no reason to believe that the jury was actually concerned about this issue.

---

[1] Although Plaintiff contends that his proposed instruction is "recommended by the Ninth Circuit on this issue," Docket No. 238, Mot. JMOL, at 11, the instruction does not appear anywhere in the Ninth Circuit's model jury instructions. Indeed, the specific instructions on damages that Plaintiff cites in his proposed jury instructions make no mention of a defendant's finances or ability to pay a judgment. See Docket No. 172, Pl.'s Proposed Jury Instr., at 69 (citing Ninth Cir. Model Jury Instr. 5.1-.2).

9

Plaintiff's final argument -- that certain jurors expected him to present more evidence at trial -- is similarly unavailing. The Court expressly instructed the jury as to Plaintiff's evidentiary burden and provided Plaintiff ample opportunity to explain why he believed he met that burden. The mere fact that, after trial, "two jurors questioned why they did not see more photographs, documents, or video footage of the fight," McCollum Decl. ¶ 2, does not demonstrate that the jury misunderstood or misapplied the appropriate legal standards. Plaintiff received copies of every photograph and document that he requested during discovery and was free to present any of these photographs and documents at trial. Although the Court precluded Plaintiff from arguing that Defendant's counsel misrepresented the availability of certain documents and photographs before trial, Plaintiff has not shown that he was prejudiced by his inability to argue that point at trial. Even if Defendant initially withheld certain evidence from Plaintiff, this pre-trial discovery dispute was not relevant to Plaintiff's legal claims and, ultimately, did not undermine his ability to present the evidence to the jury. Moreover, allowing Plaintiff to argue that Defendant's counsel made certain misrepresentations to the Court during discovery would have likely prejudiced the jury against Defendant. Thus, the Court's decision to prevent Plaintiff from arguing this point does not present grounds for a new trial.

//
//
//
//

10

CONCLUSION

For the reasons set forth above, Plaintiff's motion for judgment as a matter of law or, in the alternative, for a new trial (Docket No. 238) is DENIED.

IT IS SO ORDERED.

Dated: 10/11/2013

CLAUDIA WILKEN
United States District Judge